[Civ. No. 3077. Second Appellate District, Division One.—October 8, 1919.]

WESTERN INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] INDEMNITY INSURANCE—DEATH OF EMPLOYEE WHILE ENGAGED IN OTHER THAN BUSINESS OF INSURED—NONLIABILITY OF INSURANCE COMPANY.—Under a policy purporting to furnish insurance covering injuries to employees only while engaged in and about the concern of a certain electrical establishment, the insurance company is not liable in damages for the death of a chauffeur in the employ of the insured, where he was killed while conveying to her home, at the request of the manager of the establishment, a young

---

1. Injuries covered by employer's indemnity policy, notes, 30 L. R. A. (N. S.) 1192; L. R. A. 1915C, 155.

lady who formerly had been employed by such establishment, such service being purely gratuitous and without any obligation in any wise connected with the business then being transacted by the electrical establishment or in connection therewith.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award annulled.

The facts are stated in the opinion of the court.

Duke Stone for Petitioner.

A. E. Graupner and Swanwick & Donnelly for Respondents.

JAMES, J.—*Certiorari* to review proceedings and an award made by the Industrial Accident Commission.

The applicants before the commission were the father and mother of Byron J. Millard, who was accidentally killed while operating an automobile belonging to P. R. Kennedy. Kennedy was conducting at Long Beach, in the county of Los Angeles, an electrical business. The business was, at the time material here, being directly managed by the son of Kennedy. When he met with the accident which caused his death, young Millard was engaged in conveying to her home a friend of the Kennedy's from a point in the city of Long Beach. He was performing this service at the direction of the younger Kennedy. Petitioner here was the insurance carrier which had agreed by its contract to respond to any damage which might accrue on account of injuries or death resulting therefrom suffered by any employee of the assured "in and during the course of and arising out of the operation of the trade, business or work described." In the schedule of statements which formed a part of the contract of insurance the business so covered was described as "Electrical Store—retail or combined wholesale and retail; Electrical Equipment—installation and repairs within buildings and on buildings incidental to such inside work, including the making of service connections for such work, excluding the installation of equipment in power plants." The contract was made to cover the various enumerated classes of employees, including "chauffeurs and helpers." Rodger Kennedy, the son of the assured, testified that on the day of the accident young Millard was at the electrical store in Long Beach and under his (Kennedy's) direction; that a

Miss Blevins had at a prior time worked as bookkeeper in the electrical store and that she had left Kennedy's employ about a month and a half previous and gone to work for an oil company; that, learning that Miss Blevins was ill at her place of employment, young Kennedy instructed the chauffeur, Millard, to go and get her and take her to her home or her mother's home, whichever she desired; that while performing this service Millard was killed. [1] The service which Kennedy required young Millard to perform in transporting Miss Blevins to her home was, so far as appears, as between Kennedy and the lady, purely gratuitous and without any obligation in any wise connected with the business then being transacted at the electrical store or in connection therewith. Under this state of facts, petitioner argues that its policy of insurance did not cover the case and that it should not be made to respond in the damages assessed against it. In this conclusion we must concur. The contract of insurance does not purport in any of its terms to cover injuries suffered to a chauffeur of the Kennedys irrespective of the duty which such chauffeur might be performing at the time he suffered injuries. The policy quite clearly related to the business being transacted in and about and in connection with the electrical establishment maintained by the Kennedys at Long Beach. Counsel for petitioner well argues that if the award of the commission in this case is allowed to stand, then the insurance carrier might be held liable for any injury whatsoever occurring to a chauffeur employed by the Kennedys, regardless of the nature of it, so long as such injury was suffered while such chauffeur was operating an automobile under the direction of his employers. This notwithstanding that the policy, as has been before mentioned, purported to furnish insurance covering injuries to employees while engaged in and about the concern of the electrical establishment. That the employer of Millard would be liable, there would seem to be no question; that an insurance carrier whose policy relates to injuries suffered by employees while engaged in a particular and specified business would not be so liable, we think is just as clear.

The findings and award as against this petitioner are annulled.

Conrey, P. J., and Shaw, J., concurred.