[Civ. No. 3364.  Second Appellate District, Division Two.—November 26, 1920.]

## P. R. KENNEDY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — REHEARINGS — APPLICATION OF PARTY AGGRIEVED—TIME.—In view of the language of section 65 and subdivision b of section 55 of the Workmen's Compensation Act of 1917 (Stats. 1917, p. 850), a party aggrieved by the award or final decision of the Industrial Accident Commission, notwithstanding he may have good cause for a rehearing by that ,body, cannot, as strict matter of right, demand such rehearing unless, within twenty days after service of the decision awarding or denying compensation, he file with the commission his application for a rehearing.

[2] ID. — CONTINUING ' JURISDICTION OF COMMISSION — RESCISSION OR AMENDMENT OF AWARDS.—While under the provisions of section 65 and subdivision b of section 55 of the Workmen's Compensation Act the right of a party aggrieved to initiate proceedings for a rehearing is limited to twenty days after service of the decision of the commission, the commission itself under subdivision d of section 20 has "continuing jurisdiction" for 245 weeks after the date of the injury over its awards, and upon good cause appearing, may rescind, alter, or amend the same.

[3] ID. — ANNULLMENT OF AWARD AGAINST CARRIER — AMENDMENT — SUBSTITUTION OF EMPLOYER—EXPIRATION OF TIME FOR REHEARING — JURISDICTION OF COMMISSION. — Where an award was made against an insurance carrier, which claimed that its policy did not cover the injury, but no order was made as to the employer and the case left undecided as to him, and the award against the carrier was annulled by the appellate court on *certiorari* proceedings, the commission had jurisdiction, without invoking the "continuing jurisdiction" provision of the Workmen's Compensation Act, to amend the award by substituting the employer for

the carrier, although the time within which an application for a rehearing by the aggrieved party could have been made had expired.

[4] COURTS—JURISDICTION — CONTINUANCE UNTIL FINAL JUDGMENT.— Where a tribunal has jurisdiction over parties and subject matter, the jurisdiction continues until final judgment shall have been entered.

[5] WORKMEN'S COMPENSATION ACT — POWER OF COMMISSION OVER AWARDS.—The power of the Industrial Accident Commission over its awards is unlimited under subdivision d of section 20 of the Workmen's Compensation Act of 1917, save as to the time within which the power may be exercised, and the commission has continuing jurisdiction within the prescribed time to rescind, alter or amend any order, decision or award made by it, good cause appearing therefor. (Approval withheld by supreme court in denying hearing.)

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Swanwick & Donnelly for Petitioner.

A. E. Graupner and Warren H. Pillsbury for Respondents.

FINLAYSON, P. J.—This is a petition by P. R. Kennedy for the review of an amended award made against him by the Industrial Accident Commission. Petitioner was the employer of Byron J. Millard, deceased, who was killed on October 9, 1918, while in petitioner's employ. The commission awarded a death benefit to the applicants therefor, the parents of young Millard. The sole question presented is this: The applicants for the death benefit having failed to apply to the commission, within the time provided by the statute, for a rehearing, did the commission, nevertheless, have the power to amend the award after the expiration of the time within which application could have been made to it for a rehearing?

The facts necessary to an understanding of the question are these: The Western Indemnity Company, an insurance carrier, agreed to respond to any damage that might occur on account of injuries or death suffered by any employee of Kennedy in and during the course of, and arising out of,

the operation of the trade, business, or work described in its policy of indemnity insurance. The injury that caused the death of young Millard was sustained in the course of, and arose out of, his employment by Kennedy, but did not occur in the course of, nor did it arise out of, the operation of the particular trade, business, or work described in the insurance policy. See *Western Indemnity Co.* v. *Industrial Acc. Com.*, 43 Cal. App. 487, [185 Pac. 306], for a more detailed statement of the terms of the policy and of the facts respecting the cause of the injury.

Both Kennedy and the insurance carrier were made parties to the proceeding before the Industrial Accident Commission. The principal controversy there was whether the indemnity policy covered this particular injury or not. The commission, one commissioner dissenting, determined that the injury that caused young Millard's death was covered by the insurance policy, and, accordingly, on May 14, 1919, made an award against the insurance carrier, the Western Indemnity Company, awarding to the parents of young Millard a death benefit recoverable from the carrier. The commission did not make any order relieving Kennedy from liability on the ground that it appeared from the proof that the insurance carrier, joined as a party to the proceeding, was liable for all of the death benefit, as it was authorized to do by subdivision 2 of subdivision e of section 30 of the Workmen's Compensation Act. (Stats. 1917, p. 860.) Instead, the commission, apparently out of an excess of caution, probably anticipating that the award against the carrier might be annulled on a review thereof on *certiorari*, left the case undecided as to Kennedy, making no award against him and no final decision discharging him from liability. This course doubtless was adopted by the commission to the end that if the award against the insurance carrier should be annulled by a court of competent jurisdiction, it still would be possible to enter an award against Kennedy, as the employer.

Thereafter the insurance carrier, having applied in vain for a rehearing by the commission, applied to the district court of appeal for a writ of review. The writ was granted, and the court, by decision rendered October 8, 1919 (*Western Indemnity Co.* v. *Industrial Acc. Com.*, *supra*), annulled the award against the insurance carrier on the

ground that the policy did not cover the injury that resulted in the death of young Millard.

In due time the court's *remittitur* was sent down to the commission, and on March 11, 1920, the commission caused to be served on Kennedy, the petitioner here, a notice of its intention to amend its award of May 14, 1919, by substituting Kennedy in the place and stead of the Western Indemnity Company, as the party liable under the award. On April 7, 1920, the commission, over Kennedy's objection, amended the original award—the award of May 14, 1919, against the Western Indemnity Company—by making an award against Kennedy for the amount of the death benefit that it previously had adjudged to be due to the applicants on account of their son's death. In due time petitioner applied to the commission for a rehearing. A rehearing was denied. Kennedy thereupon petitioned this court for a writ of review to annul the amended award so made against him. He is seeking for an annulment of the award against him upon the ground that the commission had not the power thus to amend its award after the expiration of the time provided by the statute within which the applicants for the death benefit could have petitioned the commission for a rehearing on the original award of May 14, 1919.

Sections 64 and 65 of the Workmen's Compensation Act relate to the matter of rehearings before the commission. Section 64 provides that persons aggrieved by any award of the commission may apply to the commission for a rehearing in respect to matters determined by it of which they complain. That section likewise prescribes the procedure for making and serving the application for rehearing and for the determination thereof by the commission. Section 65 states the grounds upon which applications for rehearing may be made, and provides that application for such rehearing by the commission must be made by the aggrieved party "at any time within twenty days after service of any final order or decision of the commission awarding or denying compensation, or arising out of or incidental thereto."

By section 67 it is provided that "within thirty days after the application for a rehearing [by the commission] is denied, or, if the application is granted, within thirty

days after the rendition of the decision on the rehearing, any party affected thereby'' may apply to the supreme court or to a district court of appeal for a writ of review to determine the lawfulness of the award or final decision of the commission.

By subdivision b of section 55 it is provided that all findings, decisions, and awards of the commission shall be conclusively presumed to be lawful until and unless they are modified or set aside by the commission, or upon a review by the courts as in the act specified, "within the time and in the manner herein specified."

[1] As applied to a rehearing by the commission on the application of an aggrieved party, the foregoing provisions are susceptible of but one construction. From the language of section 65 and subdivision b of section 55, it clearly appears that a party aggrieved by the award or final decision of the commission, notwithstanding he may have good cause for a rehearing by that body, cannot, as strict matter of right, demand such rehearing unless, within twenty days after service of the decision awarding or denying compensation, he file with the commission his application for a rehearing. These provisions of the act apply to rehearings that are initiated by a party to the proceeding. Under these provisions the right of a party thus to initiate proceedings for a rehearing is conditioned by his obligation to do so within twenty days after service of the commission's final decision or award.

[2] But there are other provisions of the act under which, good cause appearing therefor, the commission itself, on its own initiative, or on its attention being called to facts showing good cause, and at any time within 245 weeks from the date of the injury, may rescind, alter, or amend any decision or award made by it. The commission is expressly given *"continuing jurisdiction,"* during that period of time, to rescind, alter, or amend any order, decision, or award that it may have made under sections 6 to 31, inclusive, if there be good cause shown for such rescission, alteration, or amendment.

Subdivision d of section 20 of the act in force at the time of the injury that caused young Millard's death—the present Workmen's Compensation Act (Stats. 1917, p. 850) —reads: "The commission shall have continuing jurisdic-

tion over all its orders, decisions and awards made and entered under the provisions of sections 6 to 31, inclusive, of this act, and may at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter or amend any such order, decision or award made by it, upon good cause appearing therefor, such power *including* the right to review, grant or regrant, diminish, increase or terminate, within the limits prescribed by this act, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished or terminated; *provided,* that no award of compensation shall be rescinded, altered or amended after two hundred forty-five weeks from the date of the injury.'' (The word "including" has been italicized by us to call attention to the fact that the power conferred upon the commission by the clause in which that word occurs in *included* within, and, therefore, is but a part of, the broader power conferred by the preceding words of the section as quoted by us.)

Under the above-quoted subdivision d of section 20 of the act of 1917, "continuing jurisdiction," for the full period of 245 weeks after the injury, is specifically conferred upon the commission "over all its orders, decisions and awards." By virtue of such "continuing jurisdiction" the commission, after notice to and an opportunity to be heard by the party in interest, is specifically empowered to "rescind, alter or amend any such order, decision or award made by it, upon good cause appearing therefor." This is a broad and general grant of "continuing jurisdiction." The act does not profess to say what shall be deemed to constitute "good cause" for the rescission, alteration, or amendment of any order, decision, or award. It does, however, declare, by positive legislative fiat, that the act "shall be liberally construed . . . with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment." (Sec. 69.)

[3] Without attempting to define the "good cause," the existence of which is a prerequisite to the exercise by the commission of its continuing jurisdiction to rescind, alter or amend its orders, decisions or awards—that had best be left to the gradual process of exclusion and inclusion as cases arise that involve an exercise of the power—we

have no doubt that the facts in the instant case constituted "good cause," within the meaning of the statute. The findings of the commission show that the applicants, the parents of young Millard, were entitled to payment of a death benefit and in the amount fixed by the commission's findings. The findings, as they existed prior to the decision of the district court of appeal in *Western Indemnity Co.* v. *Industrial Acc. Com., supra,* further show that Kennedy, the employer, is liable for that death benefit save only as such liability may be affected by the further finding that the Western Indemnity Company was the insurance carrier at the time of the injury and as such liable for the full compensation. The district court of appeal specifically adjudged that "the *findings* and award" against the Western Indemnity Company be annulled. By the court's annulment of the finding that the Western Indemnity Company was the insurance carrier and as such liable for the death benefit, the remaining findings, left unaffected by the court's decision, show on their face that Kennedy, and Kennedy alone, is liable. In other words, since the time when the decision of the district court of appeal became final, Kennedy's liability for the death benefit follows as a legal conclusion from the findings made and filed by the commission. And yet, notwithstanding · this fact, no decision was ever made by the commission awarding or denying payment of compensation by Kennedy, prior to the time when it amended its award on April 7, 1920, by substituting Kennedy for the Western Indemnity Company. Until then, the proceeding, as to Kennedy, was left open and undetermined. Under this condition of the record, we entertain no doubt that, in the exercise of its "continuing jurisdiction," expressly granted to it by subdivision d of section 20 of the act, to rescind, alter, or amend any order, decision, or award made by it under the provisions of sections 6 to 31, inclusive, the  commission had the power to amend its award by substituting Kennedy for the Western Indemnity Company as the person by whom the death benefit shall be paid and against whom the award should be made. Indeed, we doubt if, under these circumstances, it is necessary to invoke the "continuing jurisdiction" expressly granted to the commission by the Workmen's Compensation Act. Never having entered judgment for or against

Kennedy, prior to the entry of the amended award of April 7, 1920, the commission, aside from the ''continuing jurisdiction'' vested in it by subdivision d of section 20, always had jurisdiction to enter a judgment or decision for or against him, and, therefore, had jurisdiction to make its award of April 7, 1920, awarding young Millard's parents a death benefit payable by Kennedy. [4] It is elementary that where a tribunal has jurisdiction over parties and subject matter, the jurisdiction continues until final judgment shall have been entered.

Counsel for petitioner place their main reliance upon the decision of our supreme court in *Georgia Casualty Co.* v. *Industrial Acc. Com.*, 177 Cal. 289, [170 Pac. 625]. There it was held that the ''continuing jurisdiction'' given to the Industrial Accident Commission by the Workmen's Compensation Act of 1913 (subd. 4, sec. 25, and subd. b, sec. 82), is given for the sole purpose of making such rescissions, alterations, or amendments of the original decision or award as may be required by the occurrence of any new fact or facts whereby the disability of the person in whose favor the award originally was made, has been increased, diminished, or terminated. Counsel for petitioner, gratuitously assuming that the act of 1917 is susceptible of the same construction that the court of the Georgia Casualty Company case put upon the act of 1913, argue against the commission's jurisdiction to enter the amended award of April 7, 1920, upon the ground that the decision of the district court of appeal, whereby the findings and award against the insurance carrier were annulled, was not a new fact, occurring after the original award, whereby disability was either increased, diminished, or terminated.

The vice of counsel's argument lies in the assumption that the ''continuing jurisdiction'' conferred upon the commission by the act of 1917 is no greater or other than that which had been conferred upon it by the act of 1913. Under the act of 1913 ''continuing jurisdiction'' was given to the commission in general terms by subdivision d of section 25 (Stats. 1913, p. 293). That subdivision read: ''The commission shall have continuing jurisdiction over all its orders, decisions and awards made and entered under the provisions of sections twelve to thirty-one, inclusive, and may at any time, upon notice, and after opportunity

to be heard is given to the parties in interest, rescind, alter or amend any such order, decision or award made by it, upon good cause appearing therefor; *provided*, that no award of compensation shall be rescinded, altered or amended after two hundred forty-five weeks from the date of the accident." It was held in the Georgia Casualty Company case that the broad grant of continuing jurisdiction thus conferred in general terms by subdivision d of section 25 of the act of 1913 was, in effect, limited by the language of subdivision b of section 82 (Stats. 1913, p. 317). That subdivision read: "Nothing contained in this section shall, however, be construed to limit the right of the commission, at any time within two hundred forty-five weeks from the date of its award, and from time to time, after due notice and upon the application of any party interested, to review, diminish or increase, within the limits prescribed by this act, any compensation awarded upon the grounds that the disability of the person in whose favor such award was made has either increased or diminished or terminated."

In construing the several provisions of the act of 1913, and endeavoring to harmonize them, the supreme court held that these two sections—sections 25 and 82, disconnected in their respective positions in the act but connected in their mutual reference to the powers of the commission over its orders, decisions, and awards—should be read together, and should be so construed as to present one harmonious system for the re-examination by the commission of the matters decided by it. The court said: "When these several sections are so read and construed together, it seems quite obvious that the provisions of subdivision b of section 82, which permit the commission within the period of 245 weeks after its award to rescind, diminish or increase the same 'upon grounds that the disability of the person in whose favor such award was made has either increased or diminished or terminated,' contemplate a change in conditions arising after the making of the original award, *and by which the disability of the person in whose favor such award was made has been either increased, diminished or terminated;* and that under this subdivision of section 82 of the act the power of the commission thus extended over the period of 245 weeks after the date of its original award is limited in its exercise to

the consideration of such facts only as have arisen since the making of such award, and that it is only upon the proof of such facts that the commission has jurisdiction to review, diminish or increase such award." (Italics ours.) It is obvious that the court's reference to new facts that "have arisen since the making of such award" means such new facts as affect the disability of the person in whose favor the award was originally made, by increasing, diminishing, or terminating such disability.

[5] No such narrow construction can be put upon the language of subdivision d of section 20 of the present act whereby "continuing jurisdiction" is conferred upon the commission. The sections of the act of 1913 that related to the commission's continuing jurisdiction—section 25, subdivision d, and section 82, subdivision b—could be harmonized only by construing the general terms of section 25 as limited by the more restrictive language of section 82. But the broad grant of continuing jurisdiction as conferred by the general terms of subdivision d of section 20 of the present act is not to be thus limited by the more particular reference in that section to the commission's right "to review, grant or regrant, diminish, increase or terminate" any award upon the ground "that the disability of the person in whose favor such award was made has either recurred, increased, diminished or terminated." True, subdivision d of section 20 of the present act is, to a large extent, a re-embodiment, *mutatis mutandis,* of subdivision d of section 25 and subdivision b of section 82 of the act of 1913, the provisions of these two sections of the act of 1913 being embodied, with but few, but important, changes, in subdivision d of section 20 of the act of 1917. But though subdivision d of section 20 of the act of 1917 is largely a re-embodiment of subdivision d of section 25 and subdivision b of section 82 of the act of 1913, still subdivision d of section 20 of the present act is vastly different from a mere re-enactment of the corresponding provisions of the act of 1913. The present act, in subdivision d of section 20, declares, in general terms, that at any time within 245 weeks from the date of the injury the commission "shall have continuing jurisdiction over its orders, decisions and awards . . . and may at any time, upon notice and after opportunity to be heard is given to the

parties in interest, rescind, alter or amend any such order, decision or award made by it, upon good cause appearing therefor.'' This general grant, in itself unlimited save as to the time within which the power may be exercised, is followed by a more particular provision, namely, a particular reference to the power of the commission to review, grant or regrant, diminish, increase or terminate any award ''upon the grounds that the disability of the person in whose favor such award was made has either recurred, increased, diminished, or terminated.'' But the language of this more specific or particular reference to the exercise of the commission's ''continuing jurisdiction,'' so far from limiting the preceding general grant of power, implies the very opposite. The use of the word ''including,'' in the phrase ''such power *including* the right to review,'' etc., indicates that the power that the commission may exercise under its grant of continuing jurisdiction is more than the mere power to ''review, grant or regrant, diminish, increase or terminate'' an award on the ground that the disability has ''recurred, increased, diminished or terminated.'' ''Including'' is not a word of limitation. Rather, it is a word of enlargement, and in ordinary signification implies that something else has been given beyond the general language that precedes it. (*Fraser* v. *Bentel,* 161 Cal. 394, [Ann. Cas. 1913B, 1062, 119 Pac. 509]; *In re Goetz,* 71 App. Div. 272, [75 N. Y. Supp. 750].) As here employed, the word ''including'' is used to express the idea that the specific power to review, grant or regrant, diminish, increase, or terminate an award upon the ground that the disability has recurred, increased, diminished, or terminated—a particular power specifically referred to in the section of the present act—is but a part of the larger and more comprehensive power conferred by the more general language of the immediately preceding clause of the section. One of the definitions of ''include,'' as given by Webster, is: To comprehend or comprise, as a genus the species, *the whole a part,* an argument or reason the inference; to contain; to embrace.

For these reasons we conclude that the particular power conferred by that clause of subdivision d of section 20 which begins with the words ''such power *including* the right to review'' is but a part of, and not a limitation upon, the

larger and more general power granted by the clause which confers upon the commission "continuing jurisdiction" or power "to rescind, alter or amend any . . . order, decision or award made by it, good cause appearing therefor."

As we have seen, the general grant of power, conferred upon the commission by the more general language of subdivision d of section 20 of the present act, is broad enough to include the amendment of the award that was made by the Industrial Accident Commission in the present instance. We conclude, therefore, that the award against petitioner should be, and it is, affirmed.

Thomas, J., and Weller, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 24, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 24, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district, division two, is denied.

In denying the application we desire to say that we are not to be understood as approving all that is said in the opinion as to the proper construction of subdivision d of section 20 of the Workmen's Compensation Act (Stats. 1917, p. 850) with relation to the powers of the Industrial Accident Commission in view of the "continuing jurisdiction over all its orders, decisions and awards" thereby given. Some of the language in the opinion with relation to the power of the commission over its awards under this provision is rather broad, and we prefer to reserve any intimation of our opinion as to its correctness, deeming it in no way essential to the judgment of the district court of appeal. The conclusion of the district court of appeal finds full support in the facts of this case as stated in the opinion, without any necessity of invoking this "continuing jurisdiction" provision, as is fully shown and stated in the opinion.

All the Justices concurred.