[Civ. No. 3712. Second Appellate District, Division One.—March 16, 1922.]

THE ASSOCIATED THEATRES, INC. (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT — APPLICATION FOR REHEARING— TIME.—Where compensation was awarded in favor of an employee and against the employer, but denied as to the insurance carrier, and thereafter the commission made a supplemental award to a physician on the employee's application, the award first made was the final order of the commission within the meaning of section 65, subdivision (a), of the Workmen's Compensation Act, providing the time for filing applications for rehearings, and an application of the employee for a rehearing filed on the twentieth day after he had knowledge of the award was within time.

[2] ID.—AWARD AGAINST EMPLOYER—DENIAL AGAINST CARRIER—APPLICATION FOR REHEARING — EMPLOYEE "A PARTY AGGRIEVED." — Where compensation is awarded against an employer but denied as to the insurance carrier, the employee is a party aggrieved within the meaning of section 64, subdivision (a), of the Workmen's Compensation Act, which authorizes a party aggrieved by any award to apply for a rehearing.

[3] ID.—INJURY TO MOTION PICTURE THEATER EMPLOYEE—REPAIR OF DOOR OF GARAGE — LIABILITY OF CARRIER. — Where a person employed by a corporation as a janitor and also as a carpenter and general handy man about the premises of a moving picture theater was injured while making some changes in the door of a garage at the private residence of the holder of all the capital stock of the corporation, who kept his automobile, which was more

extensively used in the business of the theater than for his personal convenience, at such garage, the injury was received in the course of his employment, and was within the terms of a policy covering injuries from work done in connection with the operation of the theater.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission.    Order annulled.

The facts are stated in the opinion of the court.

John C. Miles for Petitioners.

A. E. Graupner and Fletcher Bowron for Respondents.

CONREY, P. J.—Petitioner A. H. Houston filed an application to the Industrial Accident Commission for compensation on account of injuries received by him while employed by the Associated Theatres, Inc. Both the employer and the insurance carrier, Western Indemnity Company, were made respondents to that application. After a hearing by the commission, compensation was awarded in favor of the applicant and against the employer, and it was ordered that the Western Indemnity Company be relieved from liability upon the claim. The commission found that the applicant, while employed "as a janitor and handy man" in a motion picture theater of the employer, "sustained injury occurring in the course of and arising out of his employment as follows: while repairing a door of a garage, under orders of the employer." The commission further found: "At said time the employer was insured against liability for compensating its injured employees with defendant Western Indemnity Company, but the policy of insurance covered injuries only for operations in connection with and upon the premises of a motion picture theater, and the work being performed by applicant at the time of the injury was not connected with such operations but was repair work upon the private premises of the controlling stockholder of the employing corporation, and was not covered by said policy; said Western Indemnity Company is therefore not liable by reason of said injury."

[1] Respondent Western Indemnity Company claims that the proceeding should be dismissed because the petition-

ers did not, nor did either of them, apply to the commission for a rehearing within twenty days after service of the order of award. (Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 831), sec. 65.)

The return fails to show the date of service of notice of the award, except as herein stated, upon any of the parties to the proceeding. The findings and award were filed May 13, 1921. On June 23d the commission made a supplemental award of $58.25, payable to one Dr. MacFarlane, in accordance with a petition filed by Houston on May 24th. On June 13th the Associated Theatres, Inc., filed an application for rehearing, referring to the award of May 13th. In that application it was admitted that notice of the award was received by the Associated Theatres, Inc., on the sixteenth day of May. On July 13th the Associated Theatres, Inc., filed a second application for rehearing.

The application of Houston for rehearing was filed on June 13th. There being no evidence of service of notice of award upon Houston, the record does not show that he had knowledge thereof prior to May 24th, when he filed his petition for supplemental award. As June 13th was the twentieth day after May 24th, his application for rehearing was filed within the time limited by law. It is our opinion that the findings and award filed May 13th were the final order of the commission within the meaning of section 65, subdivision (a), of the governing statute. [2] We are also of the opinion that Houston was a party aggrieved within the meaning of section 64, subdivision (a), of the same statute, which authorizes a party aggrieved by any final order, decision, or award, to apply for a rehearing. If, as he contends, the liability was that of the insurance carrier, he was entitled to have that liability correctly determined. Our conclusion is that the writ of review properly issued herein on the petition of Houston, notwithstanding the fact that the Associated Theatres, Inc., was not entitled to maintain this proceeding. On July 13, 1921, the commission by order extended for thirty days from and after that date its time for acting upon the petitions for rehearing filed June 13th. On August 11th it was ordered that said petitions be denied. The petition for writ of review was filed on September 10th, and, therefore, was within the thirty days' time allowed by law for that purpose.

[3] Petitioner contends that the finding of the commission that the policy of insurance covered injuries only for "operations in connection with and upon the premises of a motion picture theater" is without support in the evidence. An examination of the policy convinces us that if the employment of the applicant at the time of the accident was connected with and in the course of the business of the employer, and was not casual, then the liability existed and was covered by the policy, notwithstanding the fact that the work was being done on premises other than the premises of the motion picture theater of the employer.

Paragraph 6 of the policy reads as follows: "This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places." Item 3 of the declarations referred to in the policy, after describing the location of the place of business of the employer, contains the following: "All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this employer, viz.: (1) All industrial operations upon the premises; (2) All office forces; (3) All repairs or alterations to premises; (4) Specially rated operations on the premises, and (5) Operations not on the premises." Item 5 of the declarations states: "This employer is conducting no other business operations at this or any other location not herein disclosed—except as herein stated: No exceptions." Under the head "Classification of Operations" the declarations contain the following: "#9152—Motion Picture Theatre—rate to apply to all employees of the theatre." Counsel inform us that the figures 9152 refer to a number designating a classification in the manual of rates established by the insurance commissioner of the state of California; #9152 being the classification relating to the occupation of conducting a motion picture theater.

It remains only to determine whether the employee, at the time of receiving his injury, was acting as an employee of the Associated Theatres, Inc., within the meaning of section 8 of the Compensation Act. The evidence, without conflict, establishes the following facts: The Associated Theatres, Inc., is a corporation, which, at the time in question, was operating a motion picture theater at 612 South Broadway, in the city of Los Angeles. All of its stock was owned by Dr. H. B. Breckwedel. In order to comply in form with the law relating to corporations, he caused one share of stock to be placed in the name of his wife and another in the name of his attorney. He then held those two shares indorsed to himself; "so I hold all the stock." Dr. Breckwedel owned an automobile, and also owned a garage located at his private residence. He used this automobile more extensively in the business of the theater than for his personal convenience. He kept the automobile in his garage, and did not go through the form of claiming rent therefor from the corporation. Houston was employed by the Associated Theatres, Inc., as a janitor and also as a carpenter and general handy man about the theater premises. The door of the garage at Dr. Breckwedel's residence was so narrow that there was some difficulty in getting the automobile in and out. In order to relieve that difficulty, Dr. Breckwedel sent Houston to the garage with instructions to make some changes in the garage door. While making those changes, the accident occurred, and Houston suffered the injuries for which he seeks to obtain compensation.

The work, which was being done by Houston at the garage, being carpenter work, was of the same kind as a part of the work for which he was employed at the theater. The change which he was ordered to make in the door of the garage had direct relation to the automobile which, as we have seen, was used in the theater business. Under these circumstances we think that the work was in fact connected with the business of the theater. The ownership of the garage is not a material factor in the case. The decisions in *La Grande Laundry Co.* v. *Pillsbury,* 173 Cal. 777 [161 Pac. 988], and *Western Indemnity Co.* v. *Industrial Acc. Co.,* 43 Cal. App. 487 [185 Pac. 306], which are particularly relied upon by counsel for Western Indemnity Company, are not in conflict with the views above stated. In the La Grande Laundry

Co. case the accident which caused the death of the employee occurred while he was employed on the premises of one of the stockholders of the corporation in doing repair work on those premises which in their use had no relation whatever to the business of the corporation. Moreover, the owner of those premises was one of many stockholders and not, as in the present instance, the sole owner of the corporation. In *Western Indemnity Co.* v. *Industrial Acc. Com., supra,* the work which was being done by the employee at the time of the accident was work being done at the direction of the employer for the personal convenience of one of his friends and had no relation whatever to the business of the employer.

The order is annulled.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 10, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 15, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.,* was acting.