# Nugent Sand Co. v. Hargesheimer.

(Decided April 17, 1934.)

HUFFAKER, HOGAN & BERRY for appellant.

BEN F. GARDNER, EDRINGTON & REDMON and MARION THOMAS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellee, Lafe Hargesheimer, was employed as a mechanic by the appellant, Nugent Sand Company. The president of the corporation resided with his mother, and occasionally its employees were sent to his home there to do odd jobs and make minor repairs on the property. This was always done on the company's time. On a Saturday morning in September, 1930, the president directed one of his foremen to take a couple of men out to the house and have them tear down part of the furnace and obtain information sufficient to order some

new parts. After the noon hour, which was the usual time of quitting work on Saturday, the foreman took the appellee and another man there. While in the yard of the residence, a dog bit Hargesheimer on the ankle. When the task was finished, the parties returned to the company's place of business and first aid was administered for the apparently slight wound. The time in which Hargeshiemer was engaged on this work was added to his weekly pay roll as overtime, and he was paid by the company for it. Within a few days he became ill and before long his arm had become totally paralyzed and his legs partially so. There is no dispute on the appeal that he became permanently and totally disabled.

It appears that Hargesheimer brought a common-law action for the damages he thus sustained against Mrs. Nugent and recovered a judgment for $4,000, but it was set aside and upon another trial the verdict was for the defendant. Within the time allowed by the statute he filed a claim for compensation under the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.) and in due course the board awarded him compensation. Upon review the award was affirmed by the circuit court, and the company prosecutes this appeal.

Some claim is made that the disability is not due to the bite of the dog. The appellee experienced trouble almost immediately following that injury and became progressively worse through septicæmia. According to the testimony of four doctors, the bite was the cause of the disability, although three physicians testified they could see no connection between it and the appellee's condition. The record abundantly supports the finding of fact by the board that the bite of the dog was the direct cause of the injury. The mere fact that the cause of injury was animate rather than inanimate does not alter the consequences. Bites of dogs and of other animals inflicted when the employee is in such relationship to the employer that compensation rights and liability ensue are injuries within the meaning of the law. Schneider's Workmen's Compensation Law, sec. 306; Chandler v. Industrial Commission, 55 Utah, 213, 184 P. 1020, 8 A. L. R. 930; Id., 60 Utah, 387, 208 P. 499.

The statute (section 4880) defines the accidents under which injuries to an employee are made compensable as those "arising out of and in the course of his

employment." The act does not say "when doing the work he was employed to perform." The language and the intent are of wider scope. Regardless of judicial inclination, the courts are admonished by the statute itself to construe it liberally in favor of the injured employee. Section 4987, Kentucky Statutes. In Schneider's Workmen's Compensation Law, sec. 292, and the annotations in 33 A. L. R. 1335, and 82 A. L. R. 1251, are compiled numerous cases in which employees had gone beyond the scope of the particular duties they were employed to perform, both under orders and voluntarily, when injured, and it was held that as they were serving their masters their injuries arose out of their employment and in the course thereof. See Warfield Natural Gas Co. v. Muncy, 244 Ky. 213, 50 S. W. (2d) 543. The conclusions come from a logical interpretation of the law. It is clear that in the instant case, where the employee was directed by the chief officer of the employer, through his foreman, to go and do a certain task and he did so with the company's tools and was paid by the company specially for that work, he was within the orbit of his employment and right to compensation for injuries sustained by reason of his obedience.

But the appellant predicates its claim for relief from the judgment principally upon the ground of its own departure. In its statement filed with the board (section 4956, Statutes), accepting the provisions of the Workmen's Compensation Act, it declared that it was engaged in the business of "dredging, barges, tug boats, sand and gravel dealers and stevedoring," and maintains that its liability was confined to the designated operations; hence when it had its employees working on a furnace in a private residence it was not engaged in the business covered by its acceptance. And though Hargesheimer had signed the agreement presented to him by appellant that their relation was covered by the terms of the act, nevertheless he was not under its protection when injured. It relies on Kelly v. Nussbaum, 218 Ky. 330, 291 S. W. 754. There Nussbaum had declared his business to be that of a junk dealer. He was engaged in the work of wrecking a large brick building when a wall fell upon and injured and killed some of his employees. The court held that it was a different and distinct business and that Nussbaum had not brought himself within the acceptance of the compensation act by his notice. It is argued that there was a similar de-

parture here. But appellant does not pretend to have been engaged in any business other than that designated. As between the employer and the employee here, that case has no bearing. It cannot be said the servant was working for the master in another industry or line of business. The corporation did this work for its president as a mere incident and no doubt without being paid for it. It doubtless never occurred to Hargesheimer or anybody else that he had gone from under the coverage of the compensation agreement. There was no severance in the relationship. Cf. Beauregard v. Benj. F. Smith Co., 213 Mass. 259, 100 N. E. 627, 45 L. R. A. (N. S.) 200, Ann. Cas. 1914A, 473. He was working in the sphere of activity in which he was employed. Unmistakably, but for the fact that Hargesheimer was employed by the company at its plant, he would not have been in the place where the injury occurred. We may well surmise what would have happened to his job had he refused to do this work without any other excuse than that he was not hired for that purpose. His being at the place he was, and subjected to the risk, originated from and arose out of his employment, and he was acting within its scope when injured. Palmer v. Main, 209 Ky. 226, 272 S. W. 736; January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S. W. (2d) 117.

In the Nussbaum Case the parties occupied positions reverse to those in which they are placed here. The employer was claiming his employees were covered by the Workmen's Compensation Act. Nussbaum insisted he had estopped himself by his own representations to his employees to deny liabilty under the act. The real basis of appellant's claim here is not far different for it is insisting that its own omission relieves it of liability. To allow that contention to prevail would be turning estoppel upside down. It is right side up, and the employee could perhaps invoke the doctrine, but it does not appear necessary. See L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S. W. (2d) 426.

Some of the cases in the annotations of American Law Reports, supra, disclose that the work or act which the employee was doing was not strictly within the character of business in which the employer was engaged. But it was nevertheless regarded in respect both to the employer and the employee as incidental to such business, rather than as a departure or a distinct engagement. See particularly Associated Theatres, Inc.,

v. Industrial Accident Commission, 57 Cal. App. 105, 206 P. 665; Crockett v. Industrial Accident Commission, 190 Cal. 583, 213 P. 969.

To hold in this case that the employer could escape liability on the grounds claimed would be dropping the substance to reach for the shadow, as in the fable of the dog and the bone.

Wherefore, the judgment is affirmed.