**DEPARTMENT OF PARKS, Commonwealth of Kentucky, Appellant,**

v.

**Charles William HOWARD and the Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

Boyd F. Taylor, Hamm, Taylor, Milby & Farmer, London, for appellant.

J. C. Helton, Pineville, for appellees.

REED, Judge.

The sole issue in this workmen's compensation case is whether the employee's injury arose out of and in the course of his employment. The Workmen's Compensation Board decided that the injury was compensable. The circuit court affirmed that determination. The employer appeals here. We believe the issue was correctly resolved in the employee's favor and have concluded to affirm.

At the time of his injury, Charles William Howard was employed as labor foreman at the Pine Mountain State Park golf course at Pineville. His employer was the Department of Parks of the Commonwealth of Kentucky. Howard's duties included making out-of-town trips for supplies and performing menial tasks around the Superintendent's residence and grounds. Leslie Marcum, the Superintendent of the Park, was Howard's immediate superior. Marcum resigned his position effective May 1, 1967. The Director of Personnel of the Department of Parks instructed Marcum to vacate the superintendent's residence at the Park on or before the effective date of the resignation, and orally authorized the use of Park equipment and personnel to assist Marcum in moving. On April 24, 1967, Marcum directed Howard to take a state truck assigned to the Department of Parks and move Marcum's furniture from the superintendent's residence to an apartment which Marcum had rented in Manchester some 50 miles away.

Marcum accompanied Howard on the journey. The rented apartment was on the third floor of a building. Howard was injured while engaged in the moving project when the elevator in the apartment building fell with him from the third floor level to the ground.

The appellant argues that Howard's injury did not arise out of and in the course of his employment as labor foreman of a golf course at a state park. Appellant urges that our decision in Taylor v. Taylor Tire Co., Ky., 285 S.W.2d 173, controls this case. In the Taylor case, we held that an injury sustained by an employee who had been instructed to seek other employment did not arise out of or in the course of his employment, when he was injured in an automobile wreck while returning home from another city. The employee's trip in that instance was to take an examination to qualify for state employment. It was noted therein that the injury occurred during a venture the employee undertook on his own initiative for his sole advantage. Howard relies on Nugent Sand Co. v. Hargesheimer, 254 Ky. 358, 71 S.W.2d 647. In that case, it was held that an employee, directed by the employer's president through a foreman to dismantle a furnace in the president's house, doing so with the employer's tools and paid specially therefor by the employer, was within the orbit of his employment and entitled to compensation for injuries sustained when bitten by a dog in the yard of the president's residence.

▮ The compensation statute does not ordinarily cover an employee while he is performing services for the personal benefit of an officer of the employer. 99 C.J.S. Workmen's Compensation, § 224, p. 753. An injury suffered by an employee while performing an act for the mutual benefit of the employee and the employer is usually compensable, and an injury sustained in performing an act for the benefit of a coemployee is compensable where the effect of such act is to advance the employer's work. See 99 C.J.S. Workmen's Compensation § 221, p. 730 and § 223, p. 749.

▮ In the instant case, although it is stipulated that there was no written regulation authorizing the use of park equipment and personnel to assist in moving the superintendent from the residence, it is uncontradicted that the Director of Personnel instructed Marcum to vacate the residence and use park equipment and personnel to effect the move. It was to the employer's direct benefit to have the superintendent's residence occupied on May 1, 1967, or as soon thereafter as possible, by the new superintendent. It seems to us that Howard's activities in the moving project were primarily in the furtherance of his employer's business and incidentally benefited Marcum. Under these conditions, we are of the opinion that Howard's injury arose out of and in the course of his employment.

The judgment is affirmed.

All concur.