[Civ. No. 38432. Second Dist., Div. Five. Dec. 2, 1971.]

RICHARD SHOPE, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
FREMONT INDEMNITY COMPANY, Respondents.

**COUNSEL**

Eric A. Rose for Petitioner.

James J. Wood for Respondents.

**OPINION**

**AISO, J.**—Petitioner Richard Shope sustained an injury to his left leg on October 25, 1968, arising out of and occurring in the course of his employment as a used car salesman for Angelo A. Arnone, doing business as Grand Auto Center, in Paramount, California. That he was entitled to workmen's compensation benefits awarded him by the Workmen's Compensation Appeals Board (Board) is not disputed. The referee found that respondent Fremont Indemnity Company (Carrier) was estopped from denying coverage on the date petitioner suffered his industrial injury, but the Board granted rehearing on the petition of Carrier, reversed the referee's decision on this issue, and ordered the employer to pay the compensation. The employer went out of business in December 1968 and has not joined in this review.

The review turns upon two issues: (1) whether petitioner has standing to have the matter of insurance coverage reviewed, and (2) whether the Board's finding that Carrier is not estopped from denying that it was the employer's insurance carrier on the date petitioner suffered his injuries is sustainable. We hold in favor of petitioner on both questions and order the decision of the Board annulled for the reasons we set forth below.

Labor Code section 3753[1] provides that a person entitled to compensation "may [in addition to his claim against his employer] enforce in his own name, in the manner provided by this division [,] the liability of any insurer. . . ." The Board is given jurisdiction of proceedings "[f]or the enforcement against . . . an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee. . . ." (§ 5300, subd. (b).) Section 5950 also provides in part: "Any person affected by an order, decision, or award of the appeals board may . . . apply to the . . . court of appeal for the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness . . . of the order, decision, or award following reconsideration." Petitioner was affected by the decision of the Board determining that he had no recovery against Carrier and that he would have to look for recompense to an employer who was no longer in business and whose financial ability to pay the award was problematical. (Cf. *Associated Theatres* v. *Industrial Acc. Com.* (1922) 57 Cal.App. 105, 107 [206 P. 665].) We therefore, hold that petitioner has standing to have this court review the Board's determination as to the insurance coverage.

■ The employer applied for the various insurance policies required to commence operations as a used car dealer through John Lokey, an agent for Carrier, doing business as Lokey Insurance Agency, and he paid the $110 premium necessary to initiate the issuance of a workmen's compensation insurance policy. Carrier issued a policy to the employer for the period April 22, 1968, to April 22, 1969.

Sometime between August 1 and August 22, 1968, Carrier began asking for payroll reports from the employer. The payroll audit or report for the period April 22, 1968, to August 1, 1968, apparently never reached Carrier and on September 27, 1968, it sent the employer (with a copy thereof to the agency) a notice of cancellation of policy effective October 8, 1968, stating the reason for the cancellation as being the non-submission of the payroll audit for the above mentioned period. As previously noted, petitioner was injured on October 25, 1968.

The referee found that Carrier was estopped from denying coverage on the date of injury. As clarified by the referee in his report on petition for reconsideration, this finding was based upon two subsidiary implied findings which he made upon the basis of conflicting evidence, namely, that the payroll audit was in fact delivered to Carrier's agent, Lokey Insurance Agency, on August 22, 1968, that the agency had the duty of transmitting

---

[1]All references to section numbers are to sections of the Labor Code unless otherwise specifically mentioned.

the audit to Carrier, and that Carrier's failure to receive the audit was due to its agent's failure to perform his duty. These findings are supported by substantial evidence. ■ The determinations of the referee on matters turning on credibility are entitled to be given great weight. (*Garza* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 318-319 [90 Cal.Rptr. 355, 475 P.2d 451].)

■ He was of the opinion that the happenings after Carrier sent its notice of cancellation to the employer were immaterial. The Board, however, was of the opinion that petitioner had to establish the elements of estoppel[2] on the basis of what had transpired after the notice of cancellation, and it adverted to the findings of the referee adverse to petitioner's position as to these particulars.

When the agency received the copy of the September 27, 1968, notice of cancellation, Gloria Wilson of the agency sent a memorandum to the employer advising him that Carrier had advised the agency that it had not received the payroll figures for the period April 22, 1968, to August 1, 1968. The memorandum further stated in part: "The company has further indicated the coverage will be cancelled within the next . . . 8 days, *unless* the report is forwarded to them. . . . Should you have any question concerning this, please let us know." (Italics added.)

The employer testified that upon receiving the memorandum from Gloria Wilson, he called her and informed her that his accountant (McKernie, whose office was next door to the insurance agency) had all his audit reports, that he had signed the report in question, and that the accountant had taken it to the agency. He asked her to check with his accountant. He did not try to get other insurance after he received the notice of cancellation, since he figured he already had insurance "so why try to get more."

Gloria Wilson testified that after receiving the phone call from the employer, she checked with the accountant who said he would "take care of it." The accountant testified that he told certain of the agency employees that he had taken care of the matter and had left the audit report at the agency and that he was assured that they would take care of it. In his report on petition for reconsideration, the referee found against the accountant's version and that after receipt of the notice of cancellation, the employer "relied upon his own accountant to straighten out the matter and that his accountant's neglect led to the absence of coverage on October 25, 1968."

The Board's decision as to the insurance coverage thus comes before us

---

[2]For elements see: *Granco Steel, Inc.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 191, 203 [65 Cal.Rptr. 287, 436 P.2d 287].

as a question of law. (*Granco Steel, Inc.* v. *Workmen's Comp. App. Bd.,* *supra,* 68 Cal.2d 191, 197; *Cal-Nat Airways, Inc.* v. *Workmen's Comp. App. Bd.* (1968) 268 Cal.App.2d 93, 95 [73 Cal.Rptr. 815].) It is the legislatively established social policy that workmen's compensation laws "be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (§ 3202.) ■ In the area of insurance law which also comes into play in this case, the courts do not favor forfeiture of benefits under insurance contracts and "if reasonably possible in light of the circumstances, the courts will determine that a forfeiture has not occurred or that a waiver or estoppel exists" (*Page* v. *Washington Mut. Life Assn.* (1942) 20 Cal.2d 234, 239 [125 P.2d 20]; accord: *McCary* v. *John Hancock etc. Life Ins. Co.* (1965) 236 Cal.App.2d 501, 508 [46 Cal.Rptr. 121, 23 A.L.R.3d 733]). ■ If a trier of fact has found a waiver or estoppel, the finding where supported by substantial evidence will not be disturbed upon appeal unless the only inference which can be drawn from the evidence is to the contrary. (*McCary* v. *John Hancock etc. Life Ins. Co., supra.*)

■ The finding of the referee that Carrier was estopped from denying that it was the workmen's compensation insurance carrier on the date of the accident is supported by substantial evidence and is adequate in law. (*Truck Ins. Exch.* v. *Industrial Acc. Com.* (1951) 36 Cal.2d 646, 650-651 [226 P.2d 583].) The Board did not overturn the findings upon which the referee bottomed his finding of estoppel, but reached a contrary conclusion upon the basis that the employer did nothing effective to reinstate the policy after cancellation and that this non-action was not attributable to any representations, express or implied, by Carrier or its agent upon which an estoppel might be grounded. However, under the circumstances in this instant case, where there is a basis for the employer to believe that Carrier was in error and that his insurance was still in force, his failure to take effective steps to effect reinstatement of the policy becomes immaterial. (*Page* v. *Washington Mut. Life Assn., supra,* 20 Cal.2d 234, 243.)

The decision of the Workmen's Compensation Appeals Board is annulled as to the insurance issue and the cause remanded for further proceedings consistent with the foregoing opinion.

Stephens, Acting P. J., and Reppy, J., concurred.

A petition for a rehearing was denied December 17, 1971, and the petition of respondent Fremont Indemnity Company for a hearing by the Supreme Court was denied January 26, 1972.