O’NIELL, J.
This is a suit for indemnity under a contract of insurance against loss or liability for personal injury or death of an employee of the insured, under the Workmen’s Compensation Law (Act 20 of 1914 and amendments thereto).
An employee of the plaintiff company was accidentally killed while engaged in taking down a derrick over an oil well, in order to move it to another location. The widow, in her own behalf and for her minor children, claimed compensation under the Workmen’s Compensation Law. The surety company was promptly notified of the accident and investigated the case. Finding that the accident had occurred on the Texas side of the state line, the surety company denied liability,- on the ground that the policy contract only covered accidents happening in the state of Louisiana.
The widow of the deceased employee, in her own behalf and for her minor children, brought suit against the employer, plaintiff herein, for $3,000 compensation, payable in 300 weekly installments of $10 each. The assured promptly sent a copy of the petition to the surety company, with a demand that the latter should defend the suit, and the assured obtained an extension of the time allowed for answering. The surety company declined to defend the suit, insisting that the accident, having occurred outside of this state, was not covered by the policy contract. The insured then answered the suit, but did not urge the defense that the accident had occurred outside of the state, or urge any particular defense, as far as the record shows. Judgment was rendered in favor of the widow for the amount claimed. The assured paid the installments as they fell due, and paid the widow also $200 for funeral expenses and attorney’s fees.
[1] The surety company, in defense of this suit, pleads as an additional reason for denying liability, that the policy contract stipulated, as one of its conditions, that no wrecking or demolition of structures would be done by the assured. That is not the reason for which the company declined to defend the suit of the widow for compensation; and -we are of. the opinion that it would not have been a valid reason. The work covered by the policy contract, in terms, included “erection of and moving of derricks,” with particular reference to the derricks, used in the oil fields. The evidence shows that the usual and ordinary method of moving such derricks is to take them down and haul the lumber to the new location and rebuild the derricks there. It is only when the new location is very close by that a derrick can be moved by skidding or sliding the whole structure. It is not reasonable to construe this policy contract, “including erection of *331 and moving of derricks,” so as to exclude the work of taking down derricks for tlie purpose of moving them. The fact that the surety company did not invoke that interpretation of the contract, in denying liability and declining to defend the widow’s suit for compensation, is itself evidence that the contract was not susceptible of that interpretation. The word “demolition” in the stipulation in the policy, “No wrecking or demolition of structures will be done,” was used as synonymous with “destruction.”
It is not disputed that the accident from' which this suit arose occurred on the Texas side of the state line. The derrick was to be moved from the Texas side to the Louisiana side of the line, and the accident happened very near the line.
[2] Pretermitting the question whether the fact that the accident happened on the Texas side of the state line would have been a good defense to the widow’s suit for compensation, there are two distinct reasons why the defense should not prevail here. Although it was stipulated, in item 4 of the so-called “declarations” in the policy, that the location where the business or work was to be carried on was “state of Louisiana,” it was further stipulated that the policy should cover all injuries sustained arising, out of and in the course of the employer’s trade, business, or work, described in item 4 of the declarations, while conducted either at the location therein described and defined, or elsewhere in connection therewith. (The words in the contract, however, are not italicized). Inasmuch as the location in which the work was to be done was stipulated as the entire “state of Louisiana,” the further stipulation that the policy should cover work done either at that location “or elsewhere in connection therewith” could not mean anything else than that the policy should cover work done outside of the state, provided it was in connection with the work done within the state. The stipulation fits exactly this case, where the unfortunate workman was temporarily beyond the state line, doing work in connection with that which was being done mainly within the. state. The manifest intention of the parties to the contract was that the place or places where the work might be doné or the business carried on was not important, provided it was done in connection with the work done or business carried on at the place designated in item 4 of the so-called “declarations.”
[3] The main reason, however, for our opinion that the fact that the fatal accident happened outside of Louisiana is not a valid defense to this suit is that the obligation of the surety company was, by the terms of the contract, not merely to indemnify the assured for any compensation that the assured might be condemned to pay, but to defend any suit that might be brought against the assured for compensation, and to pay any judgment rendered against the assured, without waiting for the assured to pay. The language of the contract precludes the idea that' the assured should ever have to pay any claim or judgment for compensation and then call upon the surety • company for indemnity. The obligations of the surety company were expressed thus:
“Compensation.
“I. To pay, in the manner provided by Act 20, Session Acts of 1914, State of Louisiana, and all amendments thereto (hereinafter called ‘Louisiana Workmen’s Compensation Law’), any sum due or to become due from the employer because of any such injuries or death and the obligation for compensation therefor imposed upon or accepted by the employer under the aforesaid law. It is agreed that all of the provisions of such law covered hereby shall be a part of this contract as fully and completely as though written herein, so far as they apply to compensation for any personal injury or death covered by this policy while it shall remain in force, and all premiums provided by this policy, or by any indorsement hereon, shall be fully earned whether such *333 Workmen’s Compensation Law or any part hereof is now or shall hereafter be declared invalid or unconstitutional. This obligation for compensation shall include all provisions of such law respecting funeral expenses, medical, surgical and hospital service and medicines.
“Liability.
“II. To indemnify the employer against loss by reason of the liability imposed upon the employer by law for damages on account of such injuries or death.
“Service.
“III. To serve the employe^ (1) by the inspection of work places set forth in said declarations whenever deemed necessary by the company, and thereupon to suggest to the employer such changes and improvements as may operate to reduce the number and severity of personal injuries during work; and (2) upon notice of such injuries so sustained,'by investigation thereof and by settlement of any resulting claims in accordance with law.
“Defense.
“IV. To defend, in the name and on behalf of the employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, proceedings, allegations and demands', are wholly groundless, false or fraudulent.
“Costs and Expenses.
“V. To pay all costs taxed against the employer in any-legal proceeding defended by the company, all interest accruing after entry of judgment, and all expenses incurred by the company for investigation, negotiation, and defense.”
If the fact that the fatal accident occurred outside of Louisiana excludes the case from protection under this policy, it is because the case was not governed by the Louisiana Workmen’s Compensation Law; and, if that was a valid defense, it was one which the surety company was obliged to urge in the suit brought by the widow against the assured. Having allowed judgment to go against the assured without presenting that issue in the suit for compensation, the surety company cannot urge the defense now.
The judgment appealed from is annulled, and it is now ordered, adjudged' and decreed that plaintiff recover of and from defendant $3,200, with interest at 5 per cent, per annum on $490 from judicial demand— that is, from the. 30th of April, 1917 — and on each weekly installment for the balance from the date when it fell due. Defendant is to pay all costs of this suit.