TRAVELERS INSURANCE COMPANY *v.* M. F. ROONEY.

Special Term at Rutland, November, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 8, 1921.

*Liability Insurance—When Work Elsewhere Covered by Employers' Liability Policy—Admissibility of Amount Paid for Work Elsewhere in Determining Amount of Premium Due.*

1.  Under a workmen's compensation and employers' liability policy covering defendant's lumbering operations conducted at M. to-

gether with operations incident thereto while conducted either at M. or elsewhere in connection therewith, the cutting of pulpwood in the town of C. by men employed by the defendant was covered by the policy, if such work was a part of the business described in the policy, or was incident thereto.

2. In an action to recover the premium due under the above policy, evidence tending to prove the amount paid the men for cutting the pulpwood in the town of C., offered as a basis of determining, in part, the amount of premium due, was properly excluded, in the absence of evidence showing that the cutting of the pulpwood was connected with, and incident to, defendant's lumbering business at M.

ACTION OF CONTRACT to recover the premium claimed to be due upon a workmen's compensation and employers' liability policy issued by the plaintiff to the defendant. Pleas, the general issue and declaration in set-off. Trial by Rutland City Court, Rutland County, *G. M. Goddard*, City Judge. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Stickney, Sargent & Skeels* for the plaintiff.

The mere fact that the men cutting the wood in Chittenden were paid by the cord instead of by the day did not make them independent contractors. *Packett* v. *Moretown Creamery Co.*, 91 Vt. 97; *State ex rel. Virginia & R. Lake Co.*, 128 Minn. 43; *Slycord* v. *Horn* (Iowa) 162 N. W. 249; *Tuttle* v. *Embury-Martin Lumber Co.* (Mich.) 158 N. W. 875; *Decator R. & Light Co.* v. *Industrial Board*, 276 Ill. 472, 114 N. E. 915.

*John S. Dorsey* and *Clayton H. Kinney* for the defendant.

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work agreeably to his own methods without being subject to the direct control of his employer except as to results. *Bodwell* v. *Webster*, 98 Neb. 664, 154 N. W. 229; *Brown* v. *Industrial Accident Com'r*, 174 Cal. 457; *St. Louis R. R. Co.* v. *Cooper*, 111 Ark. 91; Note, Ann. Cas. 1918 C, 627.

An employers' liability, or workmen's compensation, policy covers only such risks as are connected with the operations and employees specifically described therein. *United States Fidelity & Guaranty Co.* v. *Taylor*, 132 Md. 511, 104 Atl. 171; *Hungerford* v. *Bonn*, 183 App. Div. 818, 171 N. Y. S. 280; *Evansville Ice Co.* v. *Fidelity & Casualty Co.* (Ind.) 111 N. E. 812; *Peoples Ice Co.* v. *Employers' Liability Ass. Corp.*, 161 Mass. 122, 36 N. E. 757; *Philipsburg Horse Car Co.* v. *Fidelity & Cas. Co.*, 160 Pa. St. 350, 28 Atl. 823.

MILES, J.   This is an action of contract on a workmen's compensation and employers' liability policy. The defendant pleaded a general denial and a declaration in set-off. The plaintiff sought to recover overdue premiums; while the defendant sought to recover under his declaration in set-off unearned premiums which he had paid on two of the plaintiff's policies.

The policy upon which the plaintiff brought suit contained the following provision: "This agreement shall apply to such injuries so sustained by business operations described in said declarations, together with operations incident thereto, while conducted either at the work places described and defined or elsewhere in connection therewith."

The business described was: "Logging, and lumbering operations, including transportation of logs to mill, but excluding operations of 'logging railroad'. Payroll to include drivers and drivers' helpers; also chauffeurs and chauffeurs' helpers."

The location of "all factories, shops, yards, buildings, premises or other work places" of the defendant was fixed in the policy as at Mendon, Vermont. The defendant, during the existence of the policy in question, had a wood lot in the town of Chittenden, on which there was a considerable amount of pulpwood, and he entered into a contract with two men to cut that wood at a stipulated price per cord and paid for the work when it was completed according to the contract.

Upon this state of facts the plaintiff offered evidence tending to prove the amount paid these men as a basis of determining, in part, the amount of premium due under the policy. To this offer the defendant objected on the ground that the policy covered operations in the town of Mendon only, and that the Chittenden job was not covered by the policy, and that the work done on the job in Chittenden was done by independent con-

tractors. The objection was sustained, and the offer was excluded. To this action of the court the plaintiff excepted, and this is the only exception to be considered in the case.

[1] . If the defendant was the employer of the men who cut the pulpwood in Chittenden, and that work was a part of the business described in the defendant's declaration in the policy, or was incident thereto, the fact that it was done in Chittenden and not in Mendon would not be a legal objection to the admission of the excluded evidence. The policy expressly provides, as stated above, that it shall apply to injuries sustained by reason of the business operations described in the defendant's declaration in the policy, together with operations incident thereto, while conducted either at the work places therein described and defined or *elsewhere*.

[2] It may be assumed that the evidence respecting the arrangement under which the pulpwood was being cut tended to show that the relation of employer and employee existed between the defendant and the workmen in Chittenden, in contemplation of the term as used in the policy. But that is not determinative of the question here involved. To make the excluded evidence admissible, it must also appear that the cutting of the pulpwood was connected with and incident to the defendant's lumbering business in Mendon. It was only injuries that might be sustained by the employees in the business operations to be there conducted, which were connected with and incidental thereto, that were insured against. The work place alone is not the test of whether injuries to the Chittenden workmen were insured against, but rather the nature of the employment in which they were engaged at that place. The defendant may well have had other lines of business, including even other lumbering operations, having no relation to, or connected with, the particular business described in the policy. The burden of establishing the necessary connection between the business in Chittenden and Mendon was upon the plaintiff. The record fails to show that connection or that the business in Chittenden was in any way connected with the lumbering business in Mendon. Standing thus, the court did not err in excluding the offer.

*Judgment affirmed.*