In the Matter of the Claim of REINHOLD WINGEN, against B. FLEISCHMAN et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

(Argued October 1, 1929; decided November 19, 1929.)

*Hamilton Ward, Attorney-General* (*E. C. Aiken* of counsel), for appellant. The place where the employee was working and suffered the accident is not important as long as it was incident to the business of the employer. (*Post* v. *Burger & Gohlke,* 216 N. Y. 545.) Where an employee is engaged at some work which is incidental to the business of the employer he is covered. (*Dose* v. *Moehle Lithographing Co.,* 221 N. Y. 441; *Alterman* v. *Namm & Son,* 190 App. Div. 76; 229 N. Y. 640; *Jaabeck* v. *Crane's Sons Co.,* 238 N. Y. 314.)

*Edward P. Mowton* for respondents. The injuries sustained by claimant did not arise out of and in the course of any employment that was included within the terms of the compensation policy. (*Jennings* v. *Visscher*, 217 App. Div. 417; *Matter of Pettit* v. *Reges*, 242 N. Y. 272.) The work at which claimant was engaged when injured was not incidental to the work for which the policy was issued. (*Newman* v. *Newman*, 218 N. Y. 325; *Glatzl* v. *Stumpp*, 220 N. Y. 71; *Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410.)

LEHMAN, J. The claimant's employer in January, 1927, was engaged in the business of fabricating art and cathedral window glass. His shop was situated at 503 East Seventy-third street. There the claimant had been employed for two years. The employer worked almost exclusively for the " trade." After orders placed with him had been completed, the persons who had given the orders usually would call for the finished work and place it in position in the building for which it was designed. The employees of the defendant were, it seems, not members of the particular union which claimed exclusive right to set glass in its place in buildings under construction. Occasionally, though seldom, the employer delivered a glass window or. door and even placed it in position.

In January, 1927, the employer received an order for a glass dome to be placed in a moving picture theatre. When the shop work was completed, the employer carried the glass to the theatre in his own automobile. He told the claimant to come along to assist him. Never, previously, had the claimant been called upon to work outside of the shop. The employer intended to put the glass in its place at the theatre with the claimant's assistance. No puttying was required for that work. The glass was merely to be laid down in the place for which it had been prepared. At the theatre other work

was being carried on at that time. A workman caused a lighting fixture to strike the claimant on his head, causing very severe injury.

It is clear that the injury arose out of and in the course of the claimant's employment. The award made by the State Industrial Board against the employer has been affirmed by the Appellate Division, and no appeal from that determination has been taken by the employer. The award was reversed and claim dismissed as to the insurance carrier " on the ground of lack of coverage." (226 App. Div. 829.) It is said that, by the terms of the policy of insurance, injuries suffered by the employee while delivering or installing glass are excluded.

The policy provides that the carrier " does hereby agree with the Employer, named and described as such in the Declarations forming a part hereof, as respects personal injuries sustained by employees, * * * as follows: * * * Employees Covered. Five: This agreement shall apply to such injuries sustained by any person or persons employed by this Employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, * * * Business Operations Covered. Six: This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident, or appurtenant thereto, or connected therewith, whether such operations are conducted at the work-places defined and described in said Declarations or elsewhere in connection with, or in relation to such work-places."

Concededly the declarations described the business operations of the employer as " Cathedral and Art Glass Window Manufacturing," and stated that the factory or shop was located at 502 East Seventy-third street. The claimant's entire remuneration was included in the total actual remuneration upon which the premium for

the policy was computed and adjusted. Though the claimant, until the day of the accident, worked solely in the shop and in the declarations of the policy his work is so classified, yet the delivery and installation of glass fabricated in the shop, even though seldom required, was " incident " or " appurtenant " to or " connected " with the operations conducted at the workplace defined and described in the declarations. The policy, by its express terms quoted above, clearly seems to apply to the injuries suffered by the claimant.

It is said, however, that other terms of the policy limit its application and exclude the injuries suffered by the claimant. Item 3 of the declarations provides for a classification of all business operations " as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer. (1) All industrial operations upon the premises. (2) All office forces. (3) All repairs or alterations to premises. (4) Specially rated operations on the premises. (5) Operations not on the premises." Then follow blanks for the insertion of the estimated remuneration under each division of operations conducted by the employer. In these blanks under division 5 of " Operations not on the premises " there is a further subdivision including (a) " Erection, installation, repair, or demonstration of Employer's product." The employer classified his operations only under divisions 1 and 2 and included the claimant's remuneration exactly where it belonged under division 1 of industrial operations on the premises. In addition the employer stated under item 5 of the declarations that he is " conducting no other business operations at this or any other location not herein disclosed."

The insurance company now urges that these declarations are representations that the employer conducts no operations outside of his shop, and, specifically, that he does not erect, install, repair or demonstrate his product

off the premises, and consequently that injuries suffered by an employee while delivering or installing the manufactured product are expressly excluded from coverage. The policy must be read as a whole, and so read its language is not capable of such construction. The stipulated protection which employer and employee were to receive was to cover completely not merely the operations described in the declarations but also " all operations * * * connected therewith, whether such operations are conducted at the work-places defined and described in said Declarations or elsewhere." Intention to include all injuries suffered by employees engaged in the operation of the shop described in the declarations, even though the injury occurs while an employee is working elsewhere in an operation connected with his shop work, is clear. That intention may not be defeated by any forced construction of other clauses of the policy.

There is, indeed, here no room for any construction of the clauses of the policy, upon which the carrier relies, which would defeat the intent of the policy as expressed in its general clauses. It recites that " the premium is based upon the entire remuneration earned, during the policy period, by all employees * * * engaged in the business operations described in said Declarations together with all operations necessary, incident, or appurtenant thereto, or connected therewith, whether conducted at such work-places or elsewhere in connection therewith or in relation thereto." Thus we have not only an agreement by the carrier to insure against all injuries sustained by the employee in the operations described in the declarations and all operations connected therewith conducted elsewhere, but an agreement on the part of the employer to pay a premium based on the remuneration of the employees for work conducted in the shop and work conducted elsewhere in connection therewith. The classification of the operations in the declarations was, by the terms of the policy, only to be made in con-

nection with the " disclosure of estimated remuneration * * .* under such of the following Divisions as are undertaken by this Employer." That classification into divisions was not intended to limit either the coverage of the policy or the premium to be paid thereunder. It was intended merely to facilitate computation of the agreed premium. That appears not only from the language of the declarations already quoted but also from the language of the following item of the declarations that: " The foregoing enumeration and description of employees include all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed, or due. * * * *The foregoing estimates of remuneration are offered for the purpose of computing the advance premium."* (Italics are ours.) .

No operations were regularly conducted by the employer elsewhere than in the shop, though on rare occasions the employees were called upon to do elsewhere some work connected with their shop work. Such occasional outside operations were so closely connected with the operations conducted in the shop that they naturally fall within the scope of the employment of the shop workers. The remuneration of the shop workers covered also their rare work performed elsewhere. Disclosure of remuneration of employees under divisions, showing separately operations on the premises and operations not on the premises, is not practical where all workers are employed and paid for work on the premises and are called on to work elsewhere only occasionally and in connection with their work on the premises. Failure to attempt such division in the employer's disclosure of the estimated remuneration of his employee shows no intent to limit the application of the policy so as to exclude the stipulated coverage for injuries, wherever sustained, in work connected with the operations conducted at the shop.

It follows that the order of the Appellate Division should be reversed and the award of the State Industrial Board reinstated, with costs against the insurance carrier in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.