No. 28,865.

HATTIE G. IOTT, as an Individual and as Guardian of DONALD IOTT and BARBARA JEAN IOTT, Minors, *Appellee,* v. THE CONTINENTAL CASUALTY COMPANY, *Appellant.*

(284 Pac. 823.)

Opinion filed February 8, 1930.

*Keene Saxon,* of Topeka, for the appellant.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery* and *M. F. Cosgrove,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from the decision of the trial court overruling the demurrer of defendant to the petition.

The action was brought by the dependents of a deceased workman against the defendant casualty company on a written contract known as a workmen's compensation and employers' liability policy issued by the casualty company to Mosby-Mack Motor Company, for whom the deceased was working at the time of his accidental death. The policy with its conditions, declarations and classifications was attached to the petition as an exhibit.

The petition alleges a direct liability of the casualty company under its policy to the plaintiffs for the compensation allowed under the workmen's compensation law of Kansas before the recent amendment.

The defendant in support of its demurrer insists that the petition does not state facts sufficient to constitute a cause of action because the only direct obligation of the defendant company to the employee of Mosby-Mack Motor Company is governed by the workmen's compensation law and that liability has been determined by this court adversely to the plaintiffs in the case of *Iott v. Mosby,* 126 Kan. 294, 269 Pac. 109, because it is *res adjudicata* and because the declaration and provisions of the policy limit defendant's liability in effect to that of the employer under the workmen's compensation law and under that law only.

Appellant calls attention to a number of statements in the policy which tend to limit and restrict its liability to definitely fixed losses or claims and the specific provisions, scheme and plan of the compensation law; also the references to the definitely designated location and business site of the insured and the limitation on the kind of business conducted by the insured to which there shall be no exception. The statements tend strongly to sustain the appellant's contention and would probably be conclusive as to such intended limitation were it not for other provisions of the policy unquestionably intended to extend and enlarge the coverage and obligations of the policy. Before referring to those we wish to consider the effect of the decision in the former case of these plaintiffs against the employer, Mosby-Mack Motor Company, as mentioned above. It was an action by these dependents of the deceased to recover from the employer for the accidental death of plaintiff's husband and father under the workmen's compensation law.

The employer owned and operated a garage and repair shop at 121-123 North Kansas avenue, Topeka, Kan., and on the day of the accident the deceased was assigned by the foreman to look after

the car of one Harris and endeavor to eliminate a rattle of which the owner complained. To locate the trouble the workman asked the owner to drive the car out on the street and the workman got out on the fender to locate the rattle and detect what was wrong. They had gone ten or eleven blocks from the garage when another car collided with this car and crushed the workman between the two cars, from which injury he died two days later. It was held in that case that the workman "who was injured while making a road test of a car was not injured on, in or about his employer's place of business," and therefore the employer was not liable under the workmen's compensation law of the state of Kansas.

Appellant insists the question of liability under the compensation act is *res adjudicata.* If the obligation of the casualty company is the same as that of the employer this reasoning would be good, but the obligation is not necessarily nor always the same, as was held in the case of *Robertson v. Labette County Comm'rs,* 122 Kan. 486, 252 Pac. 196. Appellant concedes that the casualty company may be liable under its policy even where the employer is not liable, but contends that its only obligation is that which is imposed by the strict terms of the compensation law. In the Robertson case, above cited, a workman employed by the board of county commissioners of Labette county, in the work of constructing highways in Labette county, was accidentally injured and brought an action against the county and the Federal Surety Company, which had issued a policy insuring the county board as to the risk of its employees engaged in road construction work. It was there held that the county was not liable under the workmen's compensation law, but that the surety company was liable on its policy. It was there argued, as it is here, that the only liability of the surety company was that which could be made an obligation of the employer, and limited to such as was under the workmen's compensation law. In the opinion various provisions of the policy were set out which indicated that such limitations were not really intended to control, but rather that the surety company was extending its obligation to the employee beyond the statutory provisions of the compensation act, and, in fact, creating a direct obligation to the workman, as was said in the opinion on page 489:

"The policy contains provisions (five and six) which appear to extend its provision to a class of employees who would not come within the statutory provisions of the workmen's compensation act, and to injuries sustained at

places which would not be covered by the statute, but these provisions are not in controversy here."

The provisions set out in the opinion in the Robertson case, *supra*, on page 488, appear as far as set out to be identical with those in the case at bar. In addition thereto the policy in this case contains the following provisions (the italics being ours simply to more readily call attention to the important parts in this connection):

"This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or *connected therewith, whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places.*"

Substantially the same language occurs in paragraph A of the conditions with reference to the basis of the premium.

In the declaration is the following with reference to work places:

"Item 3, location of all factories, shops, yards, buildings, premises *or other work places* of this employer, by town or city, with street and number, 121-123 N. Kansas ave., Topeka, Kan.

"All business operations, including the operative management and superintendence thereof, *conducted at or from the locations and premises defined above* as declared in each instance by a disclosure of estimated remuneration of employees under such of the following divisions as are undertaken by this employer. 1. All industrial operations upon the premises. 2. All office forces. 3. All repairs or alterations to premises. 4. Specially rated operations on the premises. 5. *Operations not on the premises.*"

Under the head of "Classification of Operations," a part of the policy, the following is in typewriting:

"Automobile dealers—with or without garage, all employees including chauffeurs and their helpers, salesmen and clerical office."

And the following is in printing:

"Clerical office employees.

. . . . . . . . . . . . . . . .

"Outside salesmen, collectors and messengers (wherever engaged) who do not deliver merchandise.

. . . . . . . . . . . . . . . .

"Chauffeurs and their helpers—Commercial, including incidental garage employees—if not specifically included in division 1."

The important question in this case is whether these particular provisions extend the coverage of the policy to locations that are not on, in or about the employer's place of business as limited by the compensation act.

Every part of a contract should be taken into consideration in arriving at the intention of the parties thereto, and we cannot entirely ignore the several references that not only indicate that an extension was intended but almost compel such conclusion, such as "or elsewhere in connection with, or in relation to, such work places," "whether conducted at such work places or elsewhere in connection with or in relation thereto," "premises or other work places," "outside salemen," "chauffeurs and their helpers," and "operations not on the premises." There seems to us to be no ambiguity or uncertainty of intention or meaning in the contract in this respect. It most certainly by its terms extends to operations not on the premises and to places other than the described work place and to places that may not be on, in or about the employer's place of business. If it does, then the liability of the surety company, being a direct obligation to the workman, may exist even if the employer may not be liable. This was the construction placed upon a similar policy by the supreme court of Louisiana, where an oil driller was accidentally injured while working in Texas for his employer, whose place of business was in Louisiana. The policy protected the workmen against injuries occurring "either at the location therein described or defined, or elsewhere in connection therewith." (*S. R. Zagst & Co. v. Southern Surety Co.*, 148 La. 328.) A similar holding was made by the supreme court of Vermont where the policy contained the provision as to operations by the workman "either at M. or elsewhere in connection therewith," and the workman was injured by accident at "C." (*Travelers Insurance Co. v. Rooney*, 95 Vt. 109.)

We conclude that the petition in the case at bar contained statements of facts sufficient to constitute a cause of action, and that there was no error in overruling the demurrer thereto.

The judgment is affirmed.