In the Matter of the Claim of ANNA SIMPKINS, Respondent, against PAUL STEFFEN, JR., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

66

(Argued September 30, 1930; decided November 18, 1930.)

*William Warren Dimmick* for appellants. The insurance policy did not cover the premises in connection with the alleged accident sustained by the deceased. (*Pettit* v. *Reges*, 242 N. Y. 274; *Neubeck* v. *Doscher*, 204 App. Div. 617; *Abrahams* v. *Charmant Specialty Co.*, 212 App. Div. 698; *Gans* v. *Ætna Life Ins. Co.*, 214 N. Y. 330; *Wood* v. *Papan*, 193 App. Div. 530; *Astrin* v. *East New York Woodworking Mfg. Co.*, 210 App. Div. 720; *Levine* v. *New York Electric Corp.*, 210 App. Div. 731; *Reed* v. *Mapstone Bros.*, 205 App. Div. 767; *Matter of Wingen* v. *Fleischman*, 252 N. Y. 114.) The incidentalness and relation of the plant in New York city to the plant at Buskirk are too remote to come within the coverage of the policy. The plant in New York city was a separate entity. (*Pettit* v. *Reges*, 242 N. Y. 272; *McMahon* v. *Gretzula*, 227 App. Div. 256; *People* v. *Rosenberg*, 138 N. Y. 410; *Wood* v. *Erie R. R. Co.*, 72 N. Y. 196; *Allied Mut. L. Ins. Co.* v. *Interstate Cork Co.*, 134 Misc. Rep. 505.)

*Hamilton Ward, Attorney-General* (*Roy Wiedersum* and *E. C. Aiken* of counsel), for State Industrial Board, respondent.

*Nathaniel Greenbaum* for claimant, respondent. The place where the employee was working and suffered the accident is not important as long as the particular work was incidental to the business of the employer. (*Matter of Wingen* v. *Fleischman*, 252 N. Y. 114; *Cary Brick Co.* v.

*Fidelity Co.*, 162 App. Div. 873; 220 N. Y. 224; *Jaebeck* v. *Crane's Sons Co.*, 238 N. Y. 314; *Matter of Cameron* v. *Ellis Const. Co.*, 252 N. Y. 394.)

LEHMAN, J.   The carrier issued an insurance policy whereby it agreed to pay promptly to any person entitled thereto any award made under the Workmen's Compensation Law (Cons. Laws, ch. 67).   By its terms the policy applies to injuries sustained by reason of the business operations described in the declarations, which are made part of the policy, " which for the purpose of this insurance shall include all operations necessary, incidental or appurtenant thereto or connected therewith, whether such operations are conducted at the work places defined and described in said Declaration or elsewhere in connection with, or in relation to, such work places."

The declarations describe the business operations as " Creameries including the manufacture of Butter or Cheese."   They contain items stating: " Locations of all factories, shops, yards, buildings, premises or other work places of this Employer, by Town or City, with Street and Number: Buskirk, N. Y." and also: " This Employer is conducting no other business operations at this or any other location not herewith disclosed — except as herein stated: No exceptions."

The employer maintains a creamery at Buskirk, New York.   He also maintains a small place of business in New York city from which he distributes products of the creamery.   William O. Simpkins was employed to operate a truck used in such distribution.   He died as the result of injuries arising out of and in the course of his employment.   The question presented upon this appeal is whether the injuries were sustained by reason of business operations " necessary, incidental, appurtenant or connected with " the operation of the creamery at Buskirk, New York, within the meaning of the policy.

These words must be given a liberal construction in accord with the understanding and the intention of the

parties to the contract. They may not be stretched to include cases which patently were not intended to be covered by the policy. The field covered by the policy is defined by its particular exceptions and exclusions as well as by its general description. Doubtless the delivery of manufactured products is always, in some degree, incidental, appurtenant and connected with the business operation of manufacturing the products carried on at the factory. The question in each case is whether the relationship is so close that the operation of delivery may reasonably be included in the operation of manufacturing carried on at the factory.

At times the relationship between the operation of manufacturing and the operation of delivering the finished products may be so close that there can be no doubt that both operations are intended to be included by a policy which in terms describes only the business of manufacturing. So we held in *Matter of Wingen* v. *Fleischman* (252 N. Y. 114). There a workman regularly employed in the manufacture of " art glass " was occasionally called upon to deliver and install the glass in the place for which it was designed. The operations of manufacturing and delivering when performed by the same group of workmen, having but one regular place of business, are too closely related to leave doubt that they were both covered by the policy then under consideration.

In the present case the circumstances dictate a different conclusion. Under the terms of the declarations which are part of the policy, all the business operations of the employer intended to be covered by the policy are conducted at the creamery in Buskirk. The proof shows that the workman for whose death an award was made was employed exclusively in New York city to deliver milk and cream from a place of business maintained in New York city. The connection between delivery of dairy products after they are received in New York and the manufacture of these products at a creamery in the country is remote. The policy by its express terms

excludes from its coverage injuries sustained in business operations carried on at a place of business other than the creamery in Buskirk. It is not open to the construction that the carrier would pay an award for injuries received in the course of an employment to deliver the products of the creamery from a place of business maintained in the city of New York.

We have examined the other ground urged to sustain the award against the carrier. We find that it is not supported by the evidence.

The order of the Appellate Division should be reversed and the claim dismissed against the appellant United States Fidelity and Guaranty Company, with costs in this court and in the Appellate Division against the State Industrial Board. The order of the Appellate Division in so far as it sustains the award against the employer Paul Steffen, Jr., should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.