In the Matter of the Claim of RICHARD ANDERSON, Respondent, against ABBOTT-CHENEY PAPER CORPORATION, Respondent, and UNITED STATES CASUALTY COMPANY, Appellant.

THE STATE INDUSTRIAL BOARD, Respondent.

(Argued March 17, 1932; decided April 26, 1932.)

*Wallace H. Miller* for appellant. The policy of workmen's compensation insurance did not cover the claimant. (*Simpkins* v. *Steffan*, 255 N. Y. 65; *Pettit* v. *Reges*, 242 N. Y. 272; *Ganns* v. *Ætna Life Ins. Co.*, 214 N. Y. 326; *Levin* v. *East N. Y. Electric Corp.*, 210 App. Div. 730; *Matter of Newman* v. *Newman*, 218 N. Y. 325; *Matter of Glatzi*, 220 N. Y. 71.)

*George W. Jude* for Abbott-Cheney Paper Corporation, respondent. The policy covers all operations incident or appurtenant to the business declared by the insured, whether such operations were conducted at or from the work-place defined in said declarations or elsewhere in connection with, or in relation to such work-place. (*Matter of Wingen* v. *Fleischman*, 252 N. Y. 114.) The operation of placing roofing material on a roof by claimant at the time of injury is fairly covered by the provision of the policy. (*Matter of Wingen* v. *Fleischman*, 226 App. Div. 827; 252 N. Y. 114.)

HUBBS, J. The employer is engaged in the wholesale and retail paper business at Jamestown. In that business it sells roofing. On particular occasions, at the request of persons purchasing roofing, the employer had hired a man and had the roofing put on for the purchasers. The claimant had on certain occasions put roofing on buildings for customers of the employer. A certain customer desired to have roofing purchased of the employer placed upon her building. The employer hired claimant to do the work. While doing it he was injured. The Board held the employer liable for compensation but released the carrier on the ground that the risk was not covered by the policy.

The Appellate Division reversed and held that the policy covered the risk, relying upon our decision in the case of *Matter of Wingen* v. *Fleischman* (252 N. Y. 114, 117). In that case the question was whether a servant of one who was in the business of manufacturing cathedral and art glass windows and who was injured outside of the factory while assisting the employer in installing glass fabricated in the factory was covered by the policy. We held that the clause of the policy " all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work-places defined  *   *   *   or elsewhere in connection with, or in relation to such work-places," permitted a recovery in that case, on the theory that the incidental work of taking the glass to install it, in that particular case, was an incident of the employment in the factory which was covered by the policy.

Judge LEHMAN, writing for the court, said: " Disclosure of remuneration of employees under divisions, showing separately operations on the premises and operations not on the premises, is not practical where all workers are employed and paid for work on the premises and are called on to work elsewhere only occasionally and in connection with their work on the premises " (p. 120).

In that case the injured employee was in the service at the factory and left the factory as an incident of his employment therein.

In the case at bar the claimant was never an employee engaged in the employer's place of business named in the policy. He did not work in the store where the paper was sold or in any way connected therewith. He was hired to do this particular job and it would be an unjustified stretching of the terms of the policy to hold that the work which he was doing while injured was incident to the business of selling paper and·roofing.

It would be quite different if he were an employee engaged in a store where linoleum was sold and a practice existed of laying the linoleum in the homes of the purchasers, and he had been injured doing that work; or if he were an employee engaged in the wholesale and retail paper business at the store and went out from the store for the purpose of placing the paper upon a roof. There might be doubt under those facts whether the policy in question covered, but such facts would have much greater similarity to those under consideration in the *Wingen* case.

In reference to the motion to dismiss the appeal upon the ground that a bond had not been filed, the papers show that the bond has now been filed and that failure to file a proper bond was through a misunderstanding of the attorney. He filed a bond issued by the carrier company. Later he filed a surety bond by another company and asks in his reply in the papers to be relieved of the default. The carrier should be relieved from such default.

The order of the Appellate Division should be reversed and the claim as against the carrier appellant dismissed, with costs in this court and in the Appellate Division against the employer, respondent.

POUND, Ch. J., CRANE, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Order reversed, etc.