In the Matter of the Claim of ANNA CALLAHAN, Appellant, against RAILWAY EXPRESS AGENCY, INC., Respondent. STATE INDUSTRIAL BOARD, Respondent.— Deceased was working as a driver of an express truck. At the end of the day he placed truck in garage where it was customarily kept. On the way home from the garage, in the midst of a storm, he stopped under a tree in a park to seek shelter, and was killed by stroke of lightning. The State Industrial Board determined that the injury did not arise out of and in the course of the employment. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of GOTTLIEB WINTERMANTEL, Respondent, against RIVERSIDE ICE COMPANY, Employer, and MUTUAL CASUALTY INSURANCE COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The claimant fell from an ice wagon of his employer and sustained serious injury to an arm, and also to his head. Since that time he has suffered from headaches and dizziness, and epileptic fits and fainting spells, and has been unable to work since that time. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of ANTHONY BINNER, Respondent, against F. P. RUNG FURNITURE Co., INC., Appellant, and Another. STATE INDUSTRIAL BOARD, Respondent.— Employee was injured while painting premises owned by the employer. The employer was engaged in the furniture business. The employee was not employed in the conduct of the furniture business, nor in the operation of its stores, nor at their location. The policy of insurance issued by the carrier covered operations of the furniture business solely. Decision unanimously affirmed, with costs to the State Industrial Board. (*Matter of Anderson* v. *Abbott-Cheney Paper Corp.*, 259 N. Y. 26.) Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of DAVID KRAUSS, Respondent, against HEBREW IMMIGRANT AID SOCIETY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant, a restaurant waiter, was struck on the nose by a patron, resulting in fracture of the nose. Subsequently, owing to dizziness resulting from the first accident, he suffered a second accident by again injuring his nose, and producing facial disfigurement. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.