In the Matter of the Claim of THOMAS WALSH, Respondent, against FEDERAL CONCRETE COMPANY, INC., Appellant.   STATE INDUSTRIAL BOARD, Respondent.— Appeal from award for disability compensation from August 8, 1933, to December 1, 1933.   The claimant contracted, in February, 1931, a dermatitis caused by coming in contact with crude oil in his employment.   He suffered frequent disability and was paid compensation.   There is abundant evidence to establish that claimant's disability, during the period of award now appealed from, was due to an occupational disease contracted in his employment and from which he first became disabled in February, 1931.   Award unanimously affirmed, with costs to the State Industrial Board.   Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of FRANCES BERRY PINDER, Respondent, against LOFT, INC., and Another, Appellants.   STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from award of death benefits to widow. The only question is whether there is evidence to sustain the finding that claimant was the widow of deceased.   Award unanimously affirmed, with costs to the State Industrial Board.   Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JOSEPH McCLEISH, Respondent, against RAYMOND CONCRETE PILE COMPANY, Appellant.   STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by an employer from an award in claimant's favor for 100 per cent loss of use of the left eye.   There is evidence to sustain the finding of the State Industrial Board that while claimant was placing an engine on a frame with a view of adjusting it to the sill to put a belt in to fasten down the engine, a lump of coal about the size of a marble dropped and hit him in the left eye.   The medical testimony establishes that as a result thereof claimant sustained 100 per cent loss of vision in such eye.   Award unanimously affirmed, with costs to the State Industrial Board.   Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JAMES SULLIVAN, Respondent, against HOME OF OLD ISRAEL, INC., Respondent, and NEW AMSTERDAM CASUALTY COMPANY, Appellant.   STATE INDUSTRIAL BOARD, Respondent.— This appeal involves coverage.   Claimant, employed as a utility man and porter, was injured while working upon a vacant and dilapidated building belonging to the employer corporation which was engaged in conducting a hospital and home for the care of aged and ailing persons of Jewish extraction.   The old building was a few blocks (one witness said two; another five) away from the regular home or hospital.   Complaints had been made to the city authorities that the old building was dangerous and a menace, as persons, especially children, went inside and upon the fire escape. The only work being done on the old building was in connection with closing it up (bricking up the entrances) and removing the fire escape.   Claimant was injured in connection with the latter work.   The policy covered work at the home and hospital building and work incidental thereto and directed therefrom.   This short job on the employer's vacant building, the work being directed from the main plant, was incidental to work at the hospital and was covered by the policy. (*Matter of Wingen* v. *Fleischman*, 252 N. Y. 114.)   Award unanimously affirmed, with costs to the State Industrial Board.   Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.