WILLIAM B. HALL *v.* CRYSTAL LAKE ICE CO. ET AL.

February Term, 1938.

Present:   POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 3, 1938.

*Lee E. Emerson* for the claimant.

*Clarence R. White* for the defendant insurance company.

MOULTON, J. This is an appeal by the claimant from an award by the commissioner of industries, ordering the payment of compensation by the employer, but discharging the insurance carrier. No question is made concerning the nature of the injury, the extent of the disability, or the amount of compensation; the only point is whether the policy issued by the insurance carrier covered the operation during which the accident occurred.

There is no dispute as to the facts. The insured, Joseph E. Hendy, was engaged in the business of harvesting, storing and retailing natural ice at Barton, Vermont, under the name of the Crystal Lake Ice Company. He was insured under a workmen's compensation and employer's liability policy, issued by the American Fidelity Company, by which the insurer agreed "to pay promptly any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due," and "to indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America." Other material provisions of the policy are as follows:

"*This Agreement Shall Apply* to such injuries so sustained by reason of the business operation described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or relation to, such work places * * *.

"The statements in items 1 to 6 inclusive, in the Declarations hereinafter contained, are true. This policy is issued

upon such statements and in consideration of the provisions
of the Policy respecting its premium and the payment of the
premium in such Declaration expressed. *Declarations* * * * 3.
Locations of all factories, shops, yards, buildings, premises
or other work places of this Employer, by Town or City,
with Street and Number. *Barton, Vermont.* * * * 5. This
Employer is conducting no other business operations at this
or any other location not herein disclosed, except as herein
stated: *No Exceptions.*"

The claimant, William B. Hall, was employed by the Crystal
Lake Ice Company as a mechanic, in the repair and operation
of the machinery used in connection with the filling of the ice
house. His employment began in December, 1936. It was and
had been since 1925 or 1926, the practice of the Crystal Lake Ice
Company to "swap work" with the Gill Brook Ice Company, of
Colchester, Vermont—that is to say, the proprietor of the latter
business would come to Barton for a week or two in the autumn
or spring of each year and assist in the harvesting of ice at that
place, and in return Anthony Hendy, the son of the insured, and
manger of the Crystal Lake Ice Company, was accustomed to
go to Colchester and render like service. The two companies,
however, were entirely separate and distinct. About February
1, 1937, Anthony asked the claimant to go to Colchester with
him, and the latter did so with the consent of the insured, his
employer. While working at the Gill Brook Ice Company's
plant he remained on the pay roll of the Crystal Lake Ice Com-
pany, took his orders solely from Anthony, regarded the latter
as his superintendent, and himself as an employee of the Crystal
Lake Ice Company. No authority over him was exercised by the
Gill Brook Ice Company. He was engaged in operating the
elevator chair machinery which lifted the cakes of ice and con-
veyed them to the ice house, and, in doing so, suffered the injury
for which he seeks compensation.

The commissioner of industries held that the claimant re-
mained the employee of the Crystal Lake Ice Company and
never became the employee of the Gill Brook Ice Company; that
the practice of "swapping" services between these two com-
panies over a period of years had become an established mode of
operation in the conduct of their respective businesses and might

well be regarded as appurtenant or incidental thereto; that the claimant's work at the plant of the Gill Brook Ice Company was indirectly for the purpose of his employer's business at Barton, as each business received full return or consideration for services rendered; that his duties at Barton and Colchester were practically identical and it could hardly be said that the risk incident thereto was greater at the latter place than at the former; and that the injury sustained was one arising out of and in the course of his employment for the Crystal Lake Ice Company, carried on by that company for pecuniary gain.

But the commissioner held that the American Fidelity Company should be discharged as a party defendant because the operation at Colchester was never known to it or contemplated when the policy was written, and it knew nothing about working conditions at Colchester, the devices and machinery used there and had no opportunity to inspect the premises for safety or investigate as to the accident case history.

The commissioner's finding that the claimant, whilst working at Colchester, was paid by and remained under the exclusive control and direction of the superintendent of the Crystal Lake Ice Company, settled his status as an employee of that company at the time of his injury. *Pappillo's Admx.* v. *Prairie,* 105 Vt. 193, 195, 164 Atl. 537, and cases cited. There is, moreover, the finding to the effect that the work at Colchester had become an established mode of operation in the business of the company and was appurtenant or incidental thereto. The commissioner's findings of fact stand like the findings of a referee or master, and are binding if legally supported by evidence. *Kelley's Dependents* v. *Hoosac Lumber Co.,* 95 Vt. 50, 55, 113 Atl. 818. The evidence taken before the commissioner is not before us, and we cannot say, as a matter of law, that the conclusion which he has drawn from the other facts reported is erroneous. The recent case of *Bass* v. *Lebow,* 146 Kan. 487, 71 Pac. (2d) 1071, 1073, is closely in point. The employer was the proprietor of certain oil leases. The employee operated what was known as a "pulling machine" used in connection with the oil wells. It was the practice of the employer to rent this machine, when not in use by him, to other oil producers, and the employee was sent with it, being paid by the employer. While operating the machine at the well of another producer the em-

ployee was killed. It was held that the work upon which he was then engaged was necessary, incidental or appurtenant to the operations of the employer at the leases described in the policy. In the present proceeding, therefore, it must be regarded as settled, that the work at Colchester came within the coverage of the clause of the policy that includes "all operations necessary, incident, or appurtenant" to the business operations at Barton.

■■ The fact that the injury was sustained at a place not mentioned in the declaration in the policy, does not relieve the insurer from liability. The policy expressly covers operations elsewhere than at the designated location of the business; and, in another clause, the "classification of operations * * * as declared in each instance by a disclosure of estimated remuneration of employees," includes not only "all industrial operations on the premises," but "operations not on the premises." The qualification is that such operations must be incidental or appurtenant to the operations conducted at the place of business described, and the test of coverage, in these circumstances, is whether the work is of this nature. If so, it is within the terms and contemplation of the policy. See *Travelers' Ins. Co.* v. *Rooney*, 95 Vt. 109, 112, 112 Atl. 355; *Miller Bros. Construction Co.* v. *Maryland Casualty Co.*, 113 Conn. 504, 155 Atl. 709, 713; *Zagst & Co.* v. *Southern Surety Co.*, 148 La. 328, 86 So. 828, 829; *Associated Theatres* v. *Industrial Accident Commission*, 57 Cal. App. 105, 206 Pac. 665, 666; *Commercial Casualty Ins. Co.* v. *Industrial Accident Commission*, 91 Cal. App. 304, 266 Pac. 988, 989; *Pettit* v. *Reges*, 242 N. Y. 272, 151 N. E. 450, 451; *Bass* v. *Lebow*, 146 Kan. 487, 71 Pac. (2d) 1071, 1073.

■ The declaration in the policy that the Crystal Lake Ice Company was conducting no operations at any place other than Barton does not constitute a representation that would exclude this accident from coverage. "This policy must be read as a whole, and so read its language is not capable of such construction. The stipulated protection which employer and employee were to receive was to cover completely not merely the operations described in the declarations but also 'all operations connected therewith, whether such operations are conducted at the work-places defined and described in said Declaration or elsewhere.' Intention to include all injuries suffered by employees engaged in the operation of the shop described in the declara-

tions, even though the injury occurs while an employee is working elsewhere in an operation connected with his shop work, is clear. That intention may not be defeated by any forced construction of other clauses of the policy." *Wingen* v. *Fleischman*, 252 N. Y. 114, 169 N. E. 108, 109.

*The order discharging the insurance carrier is vacated. Judgment that the American Fidelity Company is liable. Let the result be certified to the commissioner of industries.*