This appeal involves the suit of an assured, Fisher Kansas, against his workmen's compensation insurer, Sun Indemnity Company of New York, in which he seeks to recover $750 attorneys' fees which were incurred in defending himself in a workmen's compensation action brought by a widow who claimed that her husband, while employed by Kansas, was killed accidentally during the scope and course of the employment.
The compensation suit was brought by Edna Harris against Fisher Kansas, the Sun Indemnity Company of New York, his insurer, and Nick Christiana; the plaintiff sought to recover from the named defendants, under the workmen's compensation laws of the State of Louisiana, for the death of Lonnie Harris, who, she alleged, was the employee of both Fisher Kansas and Nick Christiana. The petition charged in substance that Fisher Kansas and Nick Christiana were conducting poultry businesses in the City of New Orleans; that in the course of his employment by Christiana the deceased undertook a trip to Gainesville, Georgia, as the driver of one of Christiana's trucks, for the purpose of securing poultry; that while laying over in Gainesville Lonnie Harris was employed by Fisher Kansas, acting through his brother and agent Izzy Kansas, to drive a Kansas poultry truck back to New Orleans; that said employment was accepted by Harris, who proceeded to drive the said truck in the direction of New Orleans, and that between Atlanta and West Point, Georgia, the Kansas truck was involved in a highway accident wherein Harris met his death. In the alternative, plaintiff alleged that should the case not be controlled by the law of *Page 622 
Louisiana, then the law of Georgia would apply, and she prayed, also in the alternative, for judgment under the compensation laws of the latter state.
Christiana answered the compensation suit denying that the decedent was in his employ. The Sun Indemnity Company of New York, through its attorneys, filed a joint answer on behalf of itself and Kansas disclaiming liability upon the ground that Harris was not the employee of Kansas. The indemnity company admitted that it had issued a standard workmen's compensation insurance policy to Kansas, and that the policy was in force and effect on the date involved.
On the date on which the case was originally fixed for trial, the trial attorney for the indemnity company concluded that plaintiff's claim was not covered by the compensation policy issued to Fisher Kansas, and upon ascertaining that Kansas was not represented by counsel the attorney for the indemnity company moved for a continuance, in order that Kansas might secure counsel. A continuance was granted, and subsequently counsel for the Sun Indemnity Company of New York moved for permission to withdraw as attorneys for Fisher Kansas, which motion was granted by the court below.
The Harris suit was ultimately tried on its merits; at the trial Kansas was represented by counsel separately retained by him. The suit was dismissed as against Christiana, but plaintiff recovered judgment against Kansas and Sun Indemnity Company of New York, in solido, for compensation under the Louisiana statute.
Kansas and the Sun Indemnity Company of New York, both acting through their separate counsel, perfected and prosecuted appeals. The matter was tried before us (see Harris v. Sun Indem. Co., La. App., 28 So.2d 403) and we concluded that only a question of fact was involved, and held that at the time of the accident which caused the death of Harris he was in no sense an employee of Fisher Kansas. We reversed the judgment of the lower court and dismissed plaintiff's suit.
In the instant case, Kansas seeks reimbursement for the amount paid the attorneys who represented him in the Harris suit, on the theory that, under the provisions of the workmen's compensation policy, the indemnity company should have defended him in the suit. The indemnity company, in answer, pleads that it is not liable for the attorneys' fee, for the reason that it owed no duty to Kansas to defend the Harris suit in his behalf, because (1) Kansas had failed and refused to cooperate and assist in the defense, and (2) that the action did not arise under the workmen's compensation law of Louisiana, and, therefore, the claim was excluded from protection under the policy. The lower court awarded Kansas judgment against the indemnity company for $500, and the latter has appealed. The amount of the judgment is not disputed.
By the provisions of the policy contract, liability of the insurer is restricted to claims arising under Act No. 20 of 1914 as amended, and, according to item three of the "Declarations," to such injuries as are sustained by reason of the business of the employer at 1413-15 Dryades Street, New Orleans, and elsewhere in the State of Louisiana.
The first ground of defense, i. e., the insured's lack of cooperation and assistance in the defense of the Harris suit, seems to have been abandoned, as this point was not touched upon by counsel for defendant either orally or in brief.
It is contended by defendant that the allegations of the petition in the compensation case, on their face, when considered along with the policy provisions, excluded the claim from policy coverage, and that the insurer owed no obligation whatever to Kansas to defend him in the suit. Counsel point to Lonnie Harris' employment in Georgia and his resulting death there as foreclosing any thought that the Louisiana statute could possibly have any application under those alleged facts. They argue that in order for a workman's injuries or death to be compensable under the local statute, the workman must have been employed under a contract entered into in Louisiana. Counsel say that they have been unable to find any case which holds that the Louisiana workmen's compensation *Page 623 
act applies to any but Louisiana contracts of hiring.
Defendant cites a number of authorities, all, however, from other jurisdictions, which hold that if the compensation claim is not within the coverage of the policy, the insurer owes no duty to the insured to defend him. Our concern, however, is not whether as a general proposition an insurer owes the duty of making defense when there is no policy coverage, but whether the Sun Indemnity Company of New York rightly refused to defend its insured against Edna Harris' suit, merely because it entertained the belief and formulated the opinion that the Louisiana statute did not control the claim.
On the other hand the attorney for Kansas argues that the alleged contract of employment, though made in Georgia, contemplated that Lonnie Harris would perform labor in Louisiana in driving the truck from Gainseville to New Orleans, and that it must necessarily have been the intention of the parties that compensation claims emanating from the employment would be controlled by the Louisiana act.
A number of authorities are cited by both parties as supporting their respective positions, but our examination of them discloses that none are similar to the Harris case from a factual standpoint. McKane v. New Amsterdam Casualty Company, La. App., 199 So. 175, 182, cited by plaintiff, which was decided by this court, is interesting, as appears from the following language used therein: "We think, however, that, with relation to the applicability of the Workmen's Compensation Law, the better rule is that the intention of the parties to the contract should be the determining factor. And, before resolving whether an employment contract is to be governed by the law of the place where it is made or by the law of the place where it is to be performed, the court should examine all of the facts and circumstances of the case with reference to the nature of the work to be done, the place of performance, the domicile of the parties, etc. — all with a view of discovering the true intent of the parties. If, after investigation, it appears that the parties have indicated, either expressly or tacitly, that their rights and obligations should be governed by the laws of the place of performance, then the court should not hesitate to apply that law to the case."
As stated before, on the Harris appeal we reversed the judgment of the lower court and dismissed plaintiff's demands, because we found that Lonnie Harris was not an employee of Kansas, but was merely a volunteer when driving the truck. Although the proposition whether Act No. 20 of 1914 covered the action was thoroughly argued, we declined to resolve that point because of our conclusion that the matter should be adjudged upon the other ground.
We cannot say, because we did not decide, whether in view of the allegations of the Harris petition the act would have been controlling in the suit. The question of the applicability of Act No. 20 of 1914 was a serious and debatable legal one because of the circumstances surrounding the parties, such as, Edna and Lonnie Harris and Kansas all being domiciled in New Orleans; Harris being transiently in Georgia and allegedly employed to drive the truck both in Georgia and Louisiana.
Under the policy contract, the indemnity company bound itself not merely to indemnify the insured and hold him harmless from liability, but to defend Kansas in compensation suits brought by his employees, even though such suits be groundless, false, or fraudulent. The pertinent provision of the contract is stated thus: "To defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."
When the claim was presented against Kansas, the obligation of the indemnity company, by the terms of its policy, was *Page 624 
to defend the suit. The petition alleged that the suit arose under the Louisiana statute, and if that claim was not valid it was the duty of the insurer to defend the insured and demonstrate that fact to the court. The insurer should not have avoided such duty by determining upon its own that the alleged ground of liability was without the policy coverage.
An insurer's failure to defend a suit as contemplated by the policy makes it responsible to the insured for whatever actual expenses he was compelled to undergo in making his own defense. Shehee-Ford Wagon Harness Co. v. Continental Casualty Co., La. App., 170 So. 249; Lang v. Jersey Gold Creameries, La. App., 172 So. 389; Sears v. Interurban Transportation Co., 14 La. App. 343, 125 So. 748; Bordelon v. Ludeau's Lumber Yard, La. App., 177 So. 436; Zagst Co. v. Southern Surety Co.,148 La. 328, 86 So. 828.
The judgment appealed from is affirmed.
Affirmed. *Page 709